THE OCALA NATIONAL FARM LOAN ASSOCIATION, A CORPO-RATION, *Plaintiff in Error,* v. THE MUNROE AND CHAM-BLISS NATIONAL BANK, A CORPORATION, *Defendant in Error.*

En Banc.

Opinion Filed March 12, 1925.

1.  A forged endorsement does not pass title to commercial paper negotiable only by endorsement.

2.  Where the signature of a party to a negotiable instrument is forged, it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor or to enforce payment thereof against any party thereto can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery. Sec. 4697, Rev. Gen. Stats.

3.  Where one of two payees of several drafts, who was acting in a representative capacity, endorsed the drafts himself, forged the endorsement of the other payee, deposited the drafts with a bank in which he had an account and received credit therefor in his representative capacity, and immediately thereafter, upon checks drawn by him, withdrew the amount, or a large part thereof, and embezzled it, his principal will not be held liable in an action by the bank against

it for the amount so withdrawn, where the principal could not and did not authorize such forgery and there was no ratification by it of such conduct and misappropriation by the agent and no part of the amount or benefit therefrom was received by such principal.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Reversed.

*H. M. Hampton* and *Anderson & Anderson,* for Plaintiff in Error;

*Martin & Hocker,* for Defendant in Error.

WEST, C. J.—By this action it is sought to recover several sums of money alleged to have been paid by the plaintiff bank to the Secretary-Treasurer of the defendant Farm Loan Association upon checks drawn by him, and who appropriated said several amounts to his own use and benefit. To review the judgment for plaintiff writ of error was taken from this court.

The cause was submitted upon an agreed statement of facts which, omitting formal parts, repetitions and exhibits, is as follows:

"On October 26th, 1921, and for more than a year prior thereto, and up to about November 1st, 1921, R. S. Rogers then of Ocala, Florida, was Secretary-Treasurer of the defendant, Ocala National Farm Loan Association, a corporation organized under the Federal Land Bank laws of the United States of America, and was at all of the times herein mentioned, acting as such Secretary-Treasurer and duly authorized to act for said Ocala National Farm Loan Association. That as a part of the duties of the said R. S. Rogers he was authorized to receive and disburse funds of

the defendant and that he was the only person who drew checks upon the funds placed to credit of said Rogers as Secretary-Treasurer of defendant in the bank. That it was his custom during the period aforesaid to deposit all funds of said Association on checking account with the plaintiff in its said bank in Ocala, Florida, in the name and style of 'R. S. Rogers, Secretary-Treasurer.' That the said R. S. Rogers from time to time drew checks against said account, signing the same 'R. S. Rogers, Secretary-Treasurer.' Attached hereto is one of the checks so signed by him, marked Exhibit 'A,' and all of the checks were signed in a similar manner, and all of the checks used by him were upon the printed form as shown by said check.

"That the Federal Land Bank of Columbia, South Carolina, during the time aforesaid, made numerous loans to persons in Marion County upon farm property in accordance with the provisions of the Federal Farm Loan Act, and it was the custom between the said Federal Land Bank and the Ocala National Farm Loan Association, of which the bank had notice, that said checks were sent or delivered to the said Ocala National Farm Loan Association in Ocala. That such checks were at all times made payable to R. S. Rogers, Secretary-Treasurer and the borrower, such checks being made out in the form as is set forth hereinafter in reference to the checks involved in this suit, and that each of the checks hereinafter described were drawn for the purpose of making loans to the respective persons therein named upon farm property in Marion County. That it had been for a long time and was at said time, the custom for said checks to be deposited to the account of the said R. S. Rogers, Secretary-Treasurer, and the funds were disbursed for the payment of liens and claims against the borrower or for the purpose of paying the purchase price of property being purchased by the borrower and the

payment of other expenses of the borrower incident to said loan, and the remainder, if any, paid over to the borrower. * * *

"On or about the 27th day of October, 1921, the said R. S. Rogers received from said Federal Land Bank its check for $2,823.18, dated October 26th, 1921, signed 'H. H. Root, Treasurer,' drawn on the National City Bank of Tampa, Tampa, Florida, payable to 'R. S. Rogers, Secretary-Treasurer & Robt. W. McAuley, Jr., Bwr.,' the original of which check is hereto attached and with the endorsements thereon made a part hereof, marked 'Exhibit B'; that said check was issued by the Federal Land Bank of Columbia, South Carolina, on the National City Bank of Tampa, Florida, and was deposited by the said R. S. Rogers, Secretary-Treasurer, on October 31, 1921, to the account of R. S. Rogers, Secretary-Treasurer, in the Munroe & Chambliss National Bank of Ocala, Florida, and that the said check in due course of banking business, through its regular correspondents, was forwarded by the said plaintiff bank for presentation to and payment by the National City Bank of Tampa, Tampa, Florida; that the said check was presented to the said last named bank on November 2, 1921, and paid by said bank on that date. That on December 8, 1921, the same was returned to the plaintiff bank through the same channels by which it was sent, with the notation on the face of said check 'The endorsement of borrower being a forgery this item is disallowed as a charge against our account, H. H. Root, Treasurer,' and the face of said check was charged back to the account of the plaintiff bank by its Jacksonville correspondent on December 8, 1921.

"That the endorsement of the said borrower in the check above referred to was forged by the said R. S. Rogers, and the funds represented by said check were deposited to the credit of R. S. Rogers, Secretary-Treasurer as aforesaid but

plaintiff had no knowledge of the forgery until said check was charged back to plaintiff's account.

(Here are omitted paragraphs, similar in substance and effect, in reference to two other checks differing only in the "borrower" payee, the two checks being referred to as exhibits "C. & D.").

"That no part of said moneys arising from the said deposit of said checks referred to above as Exhibits 'B. C. & D.' were paid over to the borrower, but that said moneys after being so obtained by the making of said deposit through the means aforesaid, were checked out by the said R. S. Rogers in the payment of his individual matters, as to which Ocala National Farm Loan Association had no interest, and the said Ocala National Farm Loan Association received no part of said checks or the funds arising therefrom.

"That the Ocala National Farm Loan Association never at any time had any interest, directly or indirectly in the funds represented by Exhibits 'B. C. & D.' (except that it was the duty of said Association and its Secretary-Treasurer to see that said funds were properly disbursed for the purpose of discharging liens against the property of the borrower or paying the purchase price of the property and other expenses of the borrower incident to the loan), but that said funds were handled through it for the purpose of enabling the Association as an agent of the Federal Land Bank, to pay off all prior claims, or interests in the property upon which the loan was made, and settle all expenses of making the loan, none of which expenses were payable to said Association, and to insure to the said Federal Land Bank a valid first mortgage lien on the property of the borrower.

"It is further stipulated and agreed that the check attached hereto and marked exhibit 'A' is the form of check signed by R. S. Rogers, Secretary-Treasurer, and drawn

upon the account of R. S. Rogers, Secretary-Treasurer, in
said plaintiff bank by which said Rogers disbursed the
funds realized from the forged endorsements on the said
checks, and which were deposited to the above named ac-
count; that the payees and the amount paid to each are as
follows:    No. 431—Rogers-Wilson Realty, $2700.00; No.
432—M. & C. Nat. Bank, $2050.00; No. 433—R. S. Rogers,
$300.00; No. 434—R. S. Rogers, $90.00; No. 436—M. & C.
Nat. Bank, $1353.00; No. 437—Commercial Bank, $905.00;
Nos. 438, 439, 440—for cash amounting to $80.00.    Total,
$7478.00.   None of-the foregoing amounts were paid for the
benefit of or at the request or with the consent of the de-
fendant, but all of same were disbursed by said Rogers for
his individual interest and benefit.

"That when the said checks were returned.as aforesaid,
the defendant was duly notified thereof and the account of
the said R. S. Rogers, Secretary-Treasurer aforesaid, was
charged with the same but at said time there was not on
deposit in said account sufficient to pay them, and that the
Ocala National Farm Loan Association has not paid to the
plaintiff the proceeds of said checks so obtained by the
means aforesaid, but that said checks remain unpaid.

"It is further agreed that the plaintiff in this cause had
no means of knowing what disposition the said R. S. Rogers
would make of the funds when deposited to said account;
that there was no limitation upon the authority of the said
Rogers to draw checks against said funds in the conduct of
defendant's business, and that said moneys are owing to
said plaintiff by some one, the defendant in this cause de-
nying that the same are owing by it on account of the na-
ture of the transaction involved.

"There was at the time the said checks were returned to
said plaintiff bank, on deposit to the said Secretary-Treas-
urer account, $521.84, which was a part of the moneys

arising from said deposit made by said forged checks which amount plaintiff now holds."

The controlling and decisive question is whether, in the situation presented, the plaintiff bank is entitled to recover from the defendant Farm Loan Association the amounts paid by plaintiff upon the several checks described, drawn by the secretary-treasurer of defendant, although it received no part of said several amounts nor any benefit therefrom. The question was presented upon demurrer to the several counts of the declaration and demurrers to pleas filed by defendant and upon motion for a finding for defendant, adverse ruling in each instance being made the basis of an assignment of error.

The endorsements of the payee borrowers, being forged upon the three checks deposited with it by the payee secretary-treasurer of defendant, were wholly inoperative to convey title to plaintiff and no right to enforce payment of the checks against the maker was acquired by plaintiff through or under such endorsements. Sec. 4697, Rev. Gen. Stats.; Brannan's Negotiable Instrument Law, 3 ed. §23; 8 C. J. 764; Beattie v. National Bank of Illinois, 174 Ill. 571, 51 N. E. Rep. 602, 66 Am. St. Rep. 318; German Sav. Bank v. Citizens Nat. Bank, 101 Ia. 530, 70 N. W. Rep. 769; 63 Am. St. Rep. 399; Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N. Y. 478, 116 N. E. Rep. 386; Union Nat. Bank v. Franklin Nat. Bank, 249 Pa. 375, 94 Atl. Rep. 1085; Lancaster v. Baltzell, 7 Gill and Johnson 468, 28 Am. Dec. 233; Rolling v. El Paso &c. Ry. Co. (Tex.), 127 S. W. Rep. 302. There is not an express admission to this effect, but it is implied by the acquiescence of plaintiff in the refusal of the drawer to pay the checks because of the forged endorsements of the borrowers.

The plaintiff contends that since the several amounts were paid by it upon checks drawn by the secretary-treasurer of defendant, under the circumstances shown by the

stipulation to have existed, defendant Farm Loan Association is liable to it for the aggregate of said several amounts. Whether the secretary-treasurer is personally liable to plaintiff is not presented by this record.

But the defendant Farm Loan Association replies that the plaintiff bank should not prevail, first, because it brought about the situation resulting in the loss by its failure to detect the forgery and require proper endorsements of the checks before accepting them and giving credit for the amount thereof to the secretary-treasurer of the defendant Farm Loan Association, and second, because of the forged endorsements it acquired no right to the checks or the sums represented by them; and furthermore, that neither the borrowers nor the defendant Farm Loan Association received any part thereof or any benefit therefrom, wherefore said defendant Farm Loan Association should not be required to reimburse the plaintiff for the loss sustained.

The plaintiff finds itself in this situation: The three several checks described were presented to it for deposit. They were accepted and credited to the account of the secretary-treasurer of defendant Farm Loan Association. Thereafter, upon checks drawn by the said secretary-treasurer payable to persons other than the borrowers named in the checks deposited, and not for their benefit, the aggregate amount of the credit allowed, less a small balance, was paid out by the plaintiff bank for the individual benefit of the said secretary-treasurer. When the checks were returned through the channel by which they had been forwarded for collection to the drawer bank, unpaid by it because of the forged endorsements of the borrowers, the account was overdrawn. Thereupon the bank instituted this action against the defendant Farm Loan Association, upon the theory that the action of the secretary-treasurer was its

action, and it is upon this ground that plaintiff relies for recovery.

The secretary-treasurer, according to the stipulation, handled the checks of those to whom loans were made by the Federal Land Bank of Columbia through said defendant Farm Loan Association, and it was "the custom for said checks to be deposited to the account of the said R. S. Rogers, Secretary-Treasurer, and the funds were disbursed for the payment of liens and claims against the borrower or for the purpose of paying the purchase price of property being purchased by the borrower and the payment of other expenses of the borrower incident to said loan, and the remainder, if any, paid over to the borrower." But he was not, and could not have been, authorized by the Farm Loan Association to endorse checks for borrowers. It cannot, therefore, be successfully urged that when he forged the endorsements of the borrowers upon the checks and deposited them with the plaintiff bank, thereby creating an apparent balance in his favor which he afterwards withdrew and misappropriated, he was acting within the scope of his authority as representative of the defendant Farm Loan Association. There is no proof of knowledge by defendant of the dishonesty of the said secretary-treasurer while acting in that capacity or basis for a claim of ratification by it of his action in forging the endorsements upon the checks and withdrawing and misappropriating the funds. Hamlin's Wizard Oil Co. v. United States Express Co., 265 Ill. 156, 106 N. E. Rep. 625; Fay v. Slaughter, 194 Ill. 157, 62 N. E. Rep. 592, 56 L. R. A. 564; Shepard & Morse Lbr. Co. v. Eldridge, 171 Mass. 516, N. E. Rep. 9, 68 Am. St. Rep. 446. It is not claimed that any part of the sum sued for came into the hands of the defendant Farm Loan Association or that it received any benefit therefrom.

Reversed.

WHITFIELD, ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur: