**T. H. SURRENCY v. WINN & LOVETT GROCERY COMPANY, a corporation.**

34 So. (2nd) 564             January Term, 1948
March 23, 1948                  En Banc

*Will O. Murrell,* for appellant.

*Howell, McCarthy, Lane & Howell,* for appellee.

BARNS, J.:

After the settlement of the pleadings, the appellees-defendants sought to take the deposition of the appellant-plaintiff, the plaintiff refused to submit himself for questioning, the court dismissed plaintiff's suit, and the plaintiff appealed.

The basis for taking the deposition of the plaintiff by the defendant was Chapter 24041, Acts 1947, being Section 91.30, F.S.A., as follows:

"An Act Relating to Depositions in Chancery and Civil Cases.

"Be It enacted by the Legislature of the State of Florida:

"Section 1. Depositions in Chancery and Civil Cases in the courts of the State may be taken and used under the same circumstances and conditions and for the same purposes and according to the same procedure that depositions are permitted to be taken and used in the District courts of the United States under and pursuant to the Federal Rules of Civil Procedure.

"Section 2. The procedure authorized by this Act shall be deemed cumulative and in addition to all provisions of law and rules of court now in force governing the taking and use of depositions in Chancery and Civil Cases in the courts of the State, and shall be applicable in all cases now pending or hereafter instituted.

"Section 3. This Act shall take effect immediately upon becoming a law."

A comparable situation was created by the enactment in 1828 of the original Act of what is now Section 62.15, F.S. 1941, F.S.A., as follows:

"62.15. *Practice in chancery in absence of statute or court rule.*—In the abence of provisions of the law or rules of practice of this state, the rule of practice in the courts of equity in the United States, as prescribed by the Supreme Court thereof, under the Act of Congress of the 8th of May, one thousand, seven hundred and ninety-two, shall be rules for the practice of the courts of this state when exercising equity jurisdiction; and when the rules of practice so directed by the Supreme Court do not apply, the practice of the courts shall be regulated by the practice of the high court of chancery of England."

It will be observed that this chapter in question which will be hereinafter referred to as "Section 91.30," like 62.15, supra, relates to adjective or procedural law, and not to substantive law. It is remedial in its nature and for that reason should receive a liberal interpretation.

Section 91.30, supra, is a "reference statute" and in reference to such statutes, American Jurisprudence states:

"Statutes which refer to other statutes and make them applicable to the subject of the new legislation, are called 'reference statutes.' The purpose of such practice is to incorporate into the new act the provisions of other statutes by reference and adoption, and thereby to avoid encumbering the statute books by unnecessary repetition. In the absence of constitutional restrictions reference statutes are frequently recognized as an approved method of legislation. . . "—50 Am. Jur., 57—Statutes—Sec. 36.

The foregoing authority cites the case of Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, L.R.A. 1918E 639, for authority.

In the construction of Section 62.15, F.S. 1941, F.S.A., this Court has held such Act to be ambulatory and that the practice would change with the change of the adoption procedure. See Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216.

Rule 26 (a) of the Federal Rules of Civil Procedure entitles the defendant in such a case in the District courts of the United States to take the deposition of the plaintiff.

When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect. Ray v. Williams, 55 Fla. 723, 46 So. 158; State v. Tedder, 123 Fla. 188, 166 So. 595.

Appellant complains that Chapter 24041 violates Section 16 of Article III of the Constitution, which requires that each act shall embrace but one subject, which shall be expressed in the title. We find the act to be in compliance with the Constitution in this respect.

The act is constitutional, the defendant had the right to take the deposition of the plaintiff according to the provisions of the Federal Rules of Civil Procedure and the trial judge did not err in imposing the sanction of dismissal.

The judgment of dismissal is not on the merits and therefore not res judicata.

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.