HORTON, Judge.
Appellants seek review of an order striking their pleadings, vacating a partial summary judgment in their favor and dismissing their cause of action.
The appellant-unions and appellee-em-ployer entered into a collective bargaining agreement which provided, inter alia, that the appellee was to pay a certain percentage of its total gross payroll of all employees covered by the agreement into appellants’ welfare fund. A dispute between the parties arising from the appellee’s failure to make these payments was submitted to arbitration pursuant to the terms of the bargaining agreement. The arbitrator rendered an “Opinion and Award” which found that appellants were entitled to payment, but did not specify the exact amount to be paid by the ¿ppellee.
When payment was not received, appellants brought this action seeking to enforce the award under the provisions of § 57.11, Fla.Stat., F.S.A. Appellee responded in the nature of a general denial. The appellants then filed a motion for summary judgment and a supporting affidavit reflecting the amount alleged to be due under the terms of the agreement. This amount was based on a percentage of appellee’s gross payroll to all employees, both union and nonunion; appellants’ contention being that all were covered by the agreement. The appellee contended the agreement covered only union employees. After hearing, the trial court entered a partial summary judgment which, in substance, adjudicated that appellants were entitled to payment and reserved jurisdiction for a trial and determination of the issue of the amount due. In an effort to determine the amount due, the appellee served appellants with a notice of taking the deposition of their business agent pursuant to the discovery provisions of the Florida Rules of Civil Procedure, Rule 1.21 et seq., 30 F.S.A. The notice requested that he bring with him appellants’ membership records. Appellants moved to quash taking of the deposition, primarily on the ground that the testimony sought to be elicited and the records sought to be produced were privileged under the terms of the Labor Management Relations Act. Upon hearing, this motion was denied. When appellants’ business agent wilfully failed to appear for the taking of his deposition on the appointed day, the appellee filed a motion to strike appellants’ pleadings, vacate the partial summary judgment previously entered and to dismiss appellants’ cause of action. Upon notice, and after hearing, the trial court granted appellee’s motion and entered the order appealed.
The determinative question here is whether the trial court erred in denying appellants’ motion to quash taking of the deposition and in subsequently dismissing their cause of action. We hold that it did not.[1]
Under the Florida Rules of Civil Procedure, after the commencement of an action any party may take the deposition of any person, including a party, without leave of court. Rule 1.21(a). Unless otherwise ordered by the court, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Rule 1.21(b). After notice is served for taking a deposition, upon notice by a party and for good cause shown, the court in which the action is pending may make an order limiting the scope of examination. Rule 1.24 (b). Rule 1.31(d) provides:
“If a party or an officer or managing agent of a party wilfully fails to appear * * * after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party *20 or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.”
In addition to the power of dismissal granted it by Rule 1.31(d) supra, a court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure. In Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564, 565, the Supreme Court of Florida said:
“When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect. Ray v. Williams, 55 Fla. 723, 46 So. 158; State [ex rel. Dillman] v. Tedder, 123 Fla. 188, 166 So. 590, 595.”
We have carefully examined the record in this cause in the light of the principles enunciated above and are unable to conclude other than that the trial court did not abuse its discretion in dismissing the appellants’ action.
The appellants invoked the jurisdiction of the court. When called upon to make discovery under a lawful and applicable rule, they refused to do so. Appellants never contended that the business agent whose deposition was sought was not their officer or managing agent.[2] Their sole contention was that the matter sought to be elicited was privileged under the provisions of §§ 7 and 8(a) (1) of the Labor Management Relations Act, 1947, as amended, 29 U.S.C.A. §§ 157 and 158, as interpreted by the National Labor Relations Board.
Section 7 of the Act declares that employees have the right both to engage and refuse to engage in organizing and collective bargaining activities, as well as other activities designed for their mutual protection. Section 8(a) (1) of the Act declares that it shall be an unfair labor practice for an employer “to interfere with, restrain, or coerce” employees in the exercise of the rights guaranteed by § 7. The test of whether an employer has interfered with and coerced employees within the meaning of § 8(a) (1) is whether the employer has engaged in conduct which, it may reasonably be said, tends to interfere with the free exercise of rights guaranteed employees by § 7. N. L. R. B. v. Ford, 170 F.2d 735 (3 Cir. 1948) ; Time-O-Matic, Inc. v. N. L. R. B., 264 F.2d 96 (7 Cir. 1959). In applying this test the federal courts and the National Labor Relations Board have refused to compel unions to produce their membership, records for examination in cases where it appears likely that production will expose their members to discrimination, interference and coercion by employers.[3] It is upon these cases that appellants base their claim of privilege.
Applying this test to the case at bar, we find there was no showing by appellants at the hearing on their motion to quash taking of the deposition that appellee was attempting to interfere with the rights secured appellants’ members under the applicable provisions of the Labor Management Relations Act. Nor was it shown that disclosure would expose them to discrimination, interference or coercion. On the contrary, appellee’s sole purpose for seeking this in *21 formation was to determine the amount due appellants under the terms of the agreement. In the absence of such a showing, the action of the trial judge in denying the motion to quash and, upon the business agent’s wilful failure to appear, in dismissing appellants’ cause of action was correct.
Affirmed.
CARROLL, J., dissents.

. The propriety of that portion of the “Notice of taking Deposition” which sought to require the production of certain records of appellants has not been raised on this appeal. However, in that respect, we point out that such procedure is not in accord with Rule 1.28, Florida Rules of Civil Procedure.

, An exhibit attached to appellants’ “Petition for Entry of Judgment” discloses that James Beluso, business agent, was noted in the arbitrator’s “opinion and award” as appearing before him on behalf of appellant union.

. Matter of F. C. Huyck & Sons and United Textile Workers, 125 NLRB 271 (1059); Matter of Marshall Field & Co. and Retail Clerks International Assoc., 98 NLRB 88 (1952); Matter of The Post Printing and Publishing Co. and Denver Newspaper Guild, 90 NLRB 1820 (1950); Matter of Marlin Rockwell Corp. and United Automobile Workers, 19 NLRB 648 (1940); and Matter of Sampson Tire & Rubber Corp. and United Rubber Workers, 2 NLRB 148 (1936).