CARROLL, Judge.
This case comes before us on petition for writ ’of certiorari in a common law action, to review a refusal of the trial court to grant a motion to vacate a dismissal.
On November 22, 1961, an order was entered directing that certain written interrogatories be answered within a 15-day period and providing for dismissal without further order if such answers were not filed within that extended time.[1] When the answers were not filed, there was an order in January allowing further time, the provisions of which were not met by the plaintiff. Later, on March 5, 1962, an order was entered which provided that if certain performance was not made by the plaintiff the cause would be dismissed.[2] Thereafter, in May of 1962, after the November 22, 1961 order had become final,[3] the plaintiff moved to vacate the order of March 5, 1962, on the ground that it was in conflict with a stipulation of the parties. The trial judge refused to grant the motion, on the ground that the order of November 22, 1961, was a final order of dismissal, and that the court was without jurisdiction to entertain or grant the motion. In so holding, the trial judge was eminently correct. See Morrison v. Chambers, Fla.1955, 82 So.2d 594; State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346, 347; Osborne v. Shell Oil Company, Fla.App.1958, 104 So.2d 670, 671.
Certiorari denied.

. The pertinent language of that order, as it related to dismissal, was as follows: “ ⅝ ⅜ * [T]:he complaint of the plaintiff will be and is hereby dismissed simultaneously with the default of this order.”

. The language of the order which was dated March 5, 1962, as it related to dismissal, was as follows: “ * * * [T]he Defendants Motion to Dismiss the Complaint will be granted and the Complaint dismissed with prejudice simultaneously with the default of this Order.”

. Compare Brenner v. Gelernter, Fla.1956, 90 So.2d 306; and Womack v. Goldberg, Fla.App.1960, 117 So.2d 758.