171 So.2d 581 (1965)
Maggie RASHARD, Appellant,
v.
Philip Vincent CAPPIALI, Appellee.
No. 64-308.
District Court of Appeal of Florida. Third District.
February 9, 1965.
Davis & Estes, Miami, for appellant.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The plaintiff appeals a final judgment dismissing her complaint with prejudice because of her failure to answer written interrogatories. The only substantial question on this appeal is whether it was error for the trial court to dismiss the complaint with prejudice. We hold that the complaint was improperly dismissed with prejudice.
A discussion of the facts alleged in the complaint is not necessary but it will be *582 helpful to set forth the chronology of the events which led up to the final judgment. On October 5, 1962, the defendant mailed written interrogatories to the plaintiff. The plaintiff filed a notice of jury trial on October 11, 1962. The plaintiff failed to answer the interrogatories and on May 3, 1963, the defendant moved to dismiss the cause for this reason. The motion to dismiss was noticed but not heard. A trial date was set for May 6, 1963, but the trial was continued. The plaintiff again filed a notice of trial. On November 1, 1963, defendant again moved to dismiss the cause for failure to answer the interrogatories. The trial court found "* * * that the plaintiff has been given every opportunity to permit the defendant to pursue his legitimate avenues of discovery and has failed to do so * * *," whereupon the court dismissed the cause with prejudice.
The Florida Rules of Civil Procedure provide for sanctions against a party failing to make discovery. Rule 1.31 (d), 30 F.S.A. provides:
"(d) Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 1.27 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."
It will be noted that this rule gives the trial court the option, on motion and notice, of striking out all or any part of any pleading, or dismissing the action, or of entering a judgment by default against that party. It is obvious that the portion of this rule permitting entry of judgment by default can only be applied against the defendant. Therefore, as to the plaintiff the alternative provisions are: (1) to strike out all or part of a complaint or (2) to dismiss the action.
Rule 1.35(b) provides in part as follows:
"(b) Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."
It will be noted that this rule permits a dismissal upon motion of the defendant for three separate reasons: (1) failure to prosecute, (2) failure to comply with the rules, or (3) failure to comply with an order of court.
There can be no doubt of the authority of a trial court to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. Local 415, Miami Joint Council, etc. v. William Weitz, Inc., Fla.App. 1962, 141 So.2d 18. The Court in the Weitz case in discussing Rule 1.31(d) affirmed a judgment dismissing a complaint for plaintiff's failure to appear for the taking of a deposition after the trial court had denied a motion to quash the notice of taking the deposition and thus in effect ordered the plaintiff to appear. It was pointed out that our Supreme Court had held that a trial court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure. Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564.
In Chovert v. Rockwell, Fla.App. 1962, 145 So.2d 283, this Court acted on a petition for writ of certiorari and denied the writ which was prayed upon the basis of the trial court's refusal to grant a motion to vacate a dismissal. Inasmuch as the opinion was upon denial of certiorari, the holding of the case is that the trial court did not act in violation of the essential requirements of law when it refused to quash the dismissal. Nevertheless, the court does set out the procedure which may be followed and under which the refusal to *583 answer interrogatories may be properly made the grounds for a dismissal with prejudice. In that case, when the answers were not filed, an order was entered which provided that if certain performance was not made by the plaintiff, the case would be dismissed. Thereafter, when there was no compliance with the court's order, the case was dismissed. However, the existence of this authority both under the rules and by inherent power does not determine our question of whether the dismissal in the instant case was properly with prejudice. It is apparent that a dismissal based upon a violation of the rules cannot be upon the merits even though it might act as an adjudication of the merits.
The law abhors the denial of access to the courts for any reason other than a wilful abuse of the processes of the court. Such a wilful disregard of the rules of court will not ordinarily be shown by a record which does not show the violation of a specific order of the court.
When a plaintiff is given time by order of the court within which to abide by the rule or suffer a dismissal with prejudice, the only question for review by an appellate court upon an appeal from an order dismissing the cause with prejudice would be upon the question of an abuse of discretion by the trial court in the making of the order directing the performance of the act within the time limit.
We hold that a reasonable interpretation of the two rules concerned [Florida Rules of Civil Procedure 1.31(d), and 1.35(b)] is that where dismissal is to be with prejudice and thus act as an adjudication on the merits it must be for the violation of an order of the court and not for a mere failure to abide by a notice of a procedural step. We think that it is important that in case an order of court is violated or disregarded, the party moved against knows at the time of the order that there has been judicial determination of the requirement he must observe. This is not to imply that a threat of dismissal or statement of penalty must be included in the order but simply that it must be an order that is breached.
Inasmuch as the record in this cause does not reflect a violation or disregard of an order of the trial court but a failure to follow the rules by responding to opposing counsel's notice to make discovery, the dismissal must be without prejudice. Accordingly, the final judgment appealed is reversed, insofar as it provides for a dismissal with prejudice, with directions to amend the final judgment to provide that the dismissal is without prejudice.
Affirmed in part and reversed in part.