PER CURIAM.
By these consolidated appeals the appellant, plaintiff in the trial court, seeks review of an adverse summary judgment in favor of the appellee, Allen Appliance Service, Inc., and an adverse final order of dismissal as to the individual appellee, Arthur Dash, which order was based on the failure of the plaintiff to comply with a prior order to produce certain documents. We affirm.
Viewing the record in a light most favorable to the plaintiff, it does not appear that it can recover against the corporate appellee upon the theory of agency, because the complained of accounts of the agent were not within the scope of his employment, were not authorized by the principal, and the facts failed to establish ratification. Varnes v. Seaboard Air Line Railway Company, 80 Fla. 624, 86 So. 433; Ocala National Farm Loan Association v. Munroe and Chambliss National Bank, 89 Fla. 242, 103 So. 609; Smith v. Texas Company, 111 Fla. 762, 149 So. 585; Reece v. Ebersbach, 152 Fla. 763, 9 So.2d 805; Ball v. Yates, 158 Fla. 521, 29 So.2d 729.
A trial judge has broad discretion in matters relating to discovery. Carson v. City of Fort Lauderdale, Fla.App. 1965, 173 So.2d 743; Parker v. Parker, Fla.App.1966, 182 So.2d 498, 499; Orlowitz v. Orlowitz, Fla. 1967, 199 So.2d 97. Measuring the order to produce in light of this principle, we fail to find that the order to produce in the instant case was erroneous and, therefore, the plaintiff having elected not to comply with same the trial judge was certainly correct in dismissing the cause. Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564; Rashard v. Cappiali, Fla.App.1965, 171 So.2d 581; Warriner v. Ferraro, Fla.App.1965, 177 So.2d 723; Rule 1.380(b) (2) (iii); Florida Rules of Civil Procedure, 30 F.S.A.
Therefore, for the reasons stated, the matters here under review in the several appeals are hereby affirmed.
Affirmed.