306 So.2d 558 (1975)
CITY OF MIAMI BEACH, a Florida, Municipal Corporation, Etc., et al., Appellants,
v.
Harry J. CHADDERTON, Appellee.
Nos. 74-1383, 74-1399.
District Court of Appeal of Florida, Third District.
January 21, 1975.
*559 Joseph A. Wanick, City Atty., and Lee Schillinger, Asst. City Atty., for appellants.
Milton E. Grusmark, Miami Beach, for appellee.
Harry Chadderton, pro se.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
NATHAN, Judge.
This is the consolidation of a petition for constitutional or other necessary writ and an interlocutory appeal wherein the defendant, the City of Miami Beach, challenges an order finding a prior order entered by the predecessor judge in this cause, to be inequitable and setting it aside.
The defendant had unsuccessfully attempted to discover relevant information from the plaintiff pursuant to the applicable rules, and the court had verbally advised the plaintiff on more than one occasion to supply the said information. On June 4, 1974, the court entered a formal, written order, which states that if the plaintiff does not produce the requested information within one month, "... this cause shall be dismissed with prejudice pursuant to Rule 1.380(b)(2)(C), on July 5, 1974."
The plaintiff did not comply, and the appellant argues that this order automatically terminated the cause; however, to clarify the record, the appellant moved for an order of dismissal pursuant to that order. The original judge was transferred to a different division of the circuit court, and the appellant's motion was heard by another judge, who acknowledged that the plaintiff had not complied, but found the provision for automatic dismissal to be inequitable, set that order aside and scheduled the case for trial.
On appeal, the city contends that these actions were improper because as a successor judge, he was without authority to set aside upon the merits, on the same facts, the final order of his predecessor, entered in the exercise of discretionary authority.
The plaintiff argues that (1) different facts were presented before the successor judge and that the requested information is either (2) irrelevant or (3) non-existent, but we find no merit in these contentions as these are not the issues on appeal before this court.
A plaintiff who invokes a court's jurisdiction and seeks to avail himself of its powers and remedies does so with the understanding that he must abide by its *560 lawful orders, and that the court has the power to impose the sanction of dismissal for failure to so abide. Warriner v. Ferraro, Fla.App. 1965, 177 So.2d 723. The sanction of dismissal is made available in discovery matters within the broad discretion of the court. Kennedy & Cohen, Inc. v. Allen Appliance Service, Inc., Fla.App. 1968, 214 So.2d 488; Rule 1.380(b)(2)(C), RCP.
Upon exercise of the court's discretionary authority to sanction, as in the case sub judice, the successor judge was without authority to set aside that order. The general rule is that a successor judge cannot review, modify or reverse upon the merits on the same facts the final orders of a predecessor unless there exist some special circumstances such as mistake or fraud perpetrated upon the court. Lawyers Co-Operative Pub. Co. v. Williams, 1942, 149 Fla. 390, 5 So.2d 871; Groover v. Walker, Fla. 1956, 88 So.2d 312; Epperson v. Epperson, Fla. 1958, 101 So.2d 367; Bailey v. Bailey, Fla.App. 1967, 204 So.2d 531.
No special circumstances being revealed in the record or the briefs of counsel, we, therefore, reverse and remand to the trial court, with directions to enter an order of dismissal.
Reversed.
PEARSON, Judge (dissenting).
I must respectfully dissent because I think the majority has misconceived the nature of an order punishing a party for failure to abide by a lawful order. A party who fails to make discovery is subject to sanctions pursuant to rule 1.380, RCP. In order to bring into effect the sanctions, two orders are necessary. Remington Construction Co. v. Hamilton Electric, Inc., Fla.App. 1965, 181 So.2d 183. Section (a) of the cited rule provides for the first order, "order compelling discovery." Section (b) provides for the second order which imposes the sanctions and under this section, subsection (C) provides for a judgment by default as a permissible sanction. If the second order dismisses the suit, it is a final order; therefore, the first "order compelling discovery" is by necessity an interlocutory order.
In the instant case, the trial judge attempted to combine the two orders by including in the "order compelling discovery" a provision for automatic dismissal upon the failure of the party to abide by the order. Without discussing the propriety of such a combined order, it seems apparent that the inclusion of the automatic provision did not make the interlocutory order final. There still remained judicial works to be done, i.e., the dismissal of the suit in the event of the happening of the event, namely the failure to abide by the first order.
There is no doubt that a successor judge may enforce the orders of his predecessor. Therefore the converse is true: a successor judge may refuse, within the bounds of judicial discretion, to carry out the particular sanction intended by the predecessor judge. Stated another way, a predecessor judge may not make his successor judge a "rubber stamp" to approve his interlocutory order. See Groover v. Walker, Fla. 1956, 88 So.2d 312.
I would hold that the order appealed was a proper exercise of the judicial discretion of the successor judge.