HENDRY, Judge.
This is an appeal by the defendant below from an adverse summary final judgment in an action to recover a $5,000 deposit made pursuant to the terms of a loan commitment application.
The plaintiff, Henry Kassner, a developer of real estate projects, instituted this suit on November 21, 1973 against the defendant-appellant, a mortgage broker, averring that he (Kassner) had received a letter dated August 23, 1973 from the appellant advising him that the appellant could not comply with the terms of the commitment application.
Under the commitment application, Kas-sner was seeking a construction loan and permanent financing in the amount of $4,010,710.00. The application states that the appellant would have 45 working days in which to procure the loan.
Together with its answer to the complaint, the appellant filed a counterclaim which basically alleged that Kassner was in breach of contract and prayed for damages of $40,107.10 (its one percent brokerage fee based on the principal amount of the loan sought), plus costs and attorney’s fees.
Appellant has presented two points on appeal. First, it argues that there were genuine issues of material fact precluding entry of a summary judgment.
Secondly, appellant submits that the court committed error by imposing sanctions against it because of its inability to produce certain documents which the court previously had ordered the appellant to produce.
These documents were ordered to be produced because of the appellant’s assertion that Kassner had not supplied all of the documents necessary for the appellant to successfully obtain a loan from institutional lenders. In short, appellant was ordered to produce the documents which Kassner had supplied so that it might be determined which documents he had not supplied.
As it turned out, appellant did not produce the required documents because an institutional lender in New York allegedly had possession of them and was unable to locate the documents.
The sanctions which the court imposed were that the appellant could not produce the documents at a later date and use them *114 for impeachment purposes. We hold that these sanctions were not too severe after the court had given the appellant a reasonable opportunity to produce the required documents; and no abuse of discretion has been shown. See, Hurley v. Werly, Fla.App.1967, 203 So.2d 530, 537; City of Miami Beach v. Chadderton, Fla.App.1975, 306 So.2d 558.
Further, it is our view that summary judgment was proper because appellant has not shown that there were genuine issues of material fact that it had performed in accordance with the terms of the commitment application and therefore was entitled to retain the $5,000 deposit.
Accordingly, the judgment appealed is affirmed.
Affirmed.