PER CURIAM.
These are consolidated appeals.
Upon survey of the record and consideration of the several briefs and arguments of counsel, we determine, with the exception hereafter noted, that no reversible error has been demonstrated.
In Case No. 82-709 the counterclaim of Allington Towers Condominium North, Inc., was dismissed with prejudice for the reason that its answers to interrogatories were deemed insufficient. There was no prior motion to compel. There was no prior order specifying the deficiencies and ordering the counterclaimant to file new answers. There was a verbal warning earlier given by the trial court at a hearing upon a *892 motion that did not involve the counter-claimant. However, in view of the drastic action of here dismissing the claim with prejudice we are of the opinion that such warning was insufficient. We feel that the trial court as a condition precedent to such a dismissal would have to specifically point out the shortcoming in the answers thereby giving the counterclaimant an opportunity to remedy. Then, if the counterclaimant failed to file sufficient answers as ordered without good cause the trial court would be in position to invoke sanctions such as dismissal. We reverse and remand upon authority of State Road Department v. Hufford, 161 So.2d 35 (Fla. 1st DCA 1964) and Rashard v. Cappiali, 171 So.2d 581 (Fla. 3d DCA 1965). See also Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970) and Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
We affirm as to Case Nos. 82-338 and 82-769. We reverse and remand as to Case No. 82-709.
LETTS, BERANEK and WALDEN, JJ., concur.