UPON MOTION FOR REHEARING
PER CURIAM.
The petition for rehearing is granted.
Left unanswered from our prior pronouncements in this cause, 439 So.2d 891, is a question of some poignance. Distilled to its essence, thus avoiding protracted discussion of the facts, the question is: When the apartment owners of a newly erected condominium sue the builder for defective construction and the builder seeks indemnity from the subcontractors by way of third party practice, does the builder’s claim over against the subs survive if the trial court dismisses the complaint against both the builder and the subs and we reverse the *1123 court below when the apartment owners appeal? We answer in the affirmative.
The builder, happy to receive final relief from the defense of the main suit did not appeal the order as it pertained to the subs. Several of those subs have urged that the builder’s indemnification claim must perish absent an appeal directed to the dismissal thereof. We do not agree.
In the case at bar the trial court’s dismissal of the third party claim with prejudice was logically premised on the fact that since it had dismissed the main complaint against the builder, the third party claim for indemnification was no longer viable.
We have not just reversed a portion of the trial court’s order, we have reversed all of it. By so doing we have reactivated the main lawsuit and the defendant builder should not be barred from exercising his indemnification claim because he failed to appeal from an order which entirely vindicated him. Perhaps it would have been better practice for the builder to file what would be tantamount to a contingent cross appeal[1] but we do not require it.
We conclude by stressing that this holding is predicated on, and limited to, all the circumstances attendant to this particular cause. It is not our general intent to furnish resourceful counsel with a means to seek appellate relief even though no appeal has been filed. Indeed we are not empowered to do so.
In all other respects our prior pronouncements, except as amended, remain undisturbed.
LETTS, BERANEK and WALDEN, JJ., concur.

. Cross appeals are not necessarily to be filed within 30 days of the rendition of the order to confer appellate jurisdiction. See City of Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981). See also F.A.R. 9.020(f).