470 So.2d 732 (1985)
Mark Steven WALLRAFF, Appellant,
v.
T.G.I. FRIDAY's, INC., Etc., Appellee.
No. 84-806.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
Rehearing Denied June 12, 1985.
*733 Richard S. Taylor, Jr., Longwood, for appellant.
Ronald L. Harrop of Gurney & Handley, P.A., Orlando, for appellee.
COBB, Chief Judge.
The appellant, Mark Steven Wallraff, appeals an order of the trial court dated May 1, 1984, dismissing his complaint with prejudice based on a discovery violation. Wallraff's complaint was filed on December 6, 1983. After answering, the defendant, T.G.I. Friday's, Inc., filed a request to produce and a notice of taking of the deposition of the plaintiff, Wallraff. No motion for protective order was filed, but Wallraff failed to appear at the scheduled deposition on March 2, 1984. Thereupon, T.G.I. Friday's filed a motion to dismiss. In the motion, it was represented that Wallraff previously had filed the same complaint and had failed to respond to discovery requests, even in the face of a court order, but had avoided dismissal in that instance by filing a voluntary dismissal before final action against him by the trial court.
The Florida Rule of Civil Procedure applicable to this case is 1.380(d), which provides, in pertinent part:
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party ... fails (1) to appear before the officer who is to take his deposition after being served with the proper notice, or ... (3) to serve a written response to a request for inspection ... under Rule 1.350 after proper service of the request ... the court ... may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule... .
Paragraph (C) of subdivision b(2) of Rule 1.380 provides for the entry of "an order striking out pleadings or parts of them ... or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party."
The language of the rule unequivocally authorizes the dismissal of an action for a plaintiff's failure to attend a noticed deposition or failure to produce per a proper request. Wallraff contends the dismissal with prejudice is error in the absence of a court order directing such discovery. This contention receives support from the case of Rashard v. Cappiali, 171 So.2d 581 (Fla. 3d DCA 1965).[1] In that case, Rule 1.31(d), 30 F.S.A., the predecessor to Rule 1.380(d), was interpreted, and it was held *734 that "the portion of this rule permitting entry of judgment by default can only be applied against the defendant." From this premise, the Rashard court reasoned that the sanctions available against an offending plaintiff included striking his complaint or dismissing it; the court stated that the dismissal must be without prejudice unless the record reflected a violation or disregard of an order of the trial court. See also Reliance Builders of Coral Springs, Inc. v. City of Coral Springs, 373 So.2d 410 (Fla. 4th DCA 1979).
With all due respect, we believe the Rashard opinion offers a strained and artificial construction of the language of the rule. Clearly, the rule contemplates that an adverse judgment may be entered against either party who is in default of his discovery obligations under the rule. Such a judgment against a plaintiff cannot be logically differentiated from a dismissal with prejudice.
As we read the rule, the trial judge is afforded discretion in the imposition of sanctions under Rule 1.380. The question, then, is not whether the rule authorizes a dismissal with prejudice for failure to provide discovery absent a court order to do so (it does), but whether the instant dismissal constitutes abuse of discretion under the facts of the case. Based on the record before us, we find no such abuse of discretion by the trial court and no violation of Rule 1.380. Accordingly, we affirm and certify conflict with Rashard and with Reliance Builders of Coral Springs, Inc., pursuant to Rule 9.030(a)(2)(A)(vi).
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The case of Johnson v. Allstate Ins. Co., 410 So.2d 978 (Fla. 5th DCA 1982), does not support the appellant's position. In that case, a court order compelling discovery was violated, resulting in dismissal, which was affirmed on appeal. Johnson did not concern a dismissal for a failure to provide discovery, upon due notice, which is the factual situation before us.