490 So.2d 50 (1986)
Mark Steven WALLRAFF, Petitioner,
v.
T.G.I. FRIDAY'S INC., Respondent.
No. 67259.
Supreme Court of Florida.
June 26, 1986.
Richard S. Taylor, Jr., Longwood, for petitioner.
Ronald L. Harrop of Gurney & Handley, P.A., Orlando, for respondent.
SHAW, Justice.
We have by petition for review Wallraff v. T.G.I. Friday's, Inc., 470 So.2d 732 (Fla. 5th DCA 1985), due to certified conflict with Rashard v. Cappiali, 171 So.2d 581 (Fla. 3d DCA 1965), and Reliance Builders, Inc. v. City of Coral Springs, 373 So.2d 410 (Fla. 4th DCA 1979). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The facts are as follows:
Wallraff's complaint was filed on December 6, 1983. After answering, the defendant, T.G.I. Friday's, Inc., filed a request to produce and a notice of taking of the deposition of the plaintiff, Wallraff. No motion for protective order was filed, but Wallraff failed to appear at the scheduled deposition on March 2, 1984. Thereupon, T.G.I. Friday's filed a motion to dismiss. In the motion, it was represented that Wallraff previously had filed the same complaint and had failed to respond to discovery requests, even in the face of a court order, but had avoided dismissal in that instance by filing a voluntary dismissal before final action against him by the trial court.
Wallraff, 470 So.2d at 733. The trial court dismissed the complaint with prejudice; the district court affirmed, finding that the applicable *51 Florida Rule of Civil Procedure, 1.380(d), authorizes the sanction of dismissal with prejudice for a plaintiff's failure to attend a noticed deposition or to respond to a request for production. Rule 1.380(d) provides as follows:
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party ... fails (1) to appear before the officer who is to take his deposition after being served with the proper notice, or ... (3) to serve a written response to a request for inspection submitted under Rule 1.350 after proper service of the request ... the court ... may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule... .
As found by the district court, "Paragraph (C) of subdivision b(2) of Rule 1.380 provides for the entry of an order striking out pleadings or parts of them ... or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party." Wallraff, 470 So.2d at 733. The district court noted that Rashard, interpreting rule 1.31(d), the predecessor to rule 1.380(d), held that inasmuch as entry of a judgment by default can only be applied against a defendant, and the sanctions against a plaintiff include striking his complaint or dismissing it, the sanction of dismissal under the rule against a plaintiff must be without prejudice in the absence of a violation of an order of the trial court. The district court disagreed with Rashard, finding that "[t]he rule contemplates that an adverse judgment may be entered against either party who is in default of his discovery obligations under the rule. Such a judgment against a plaintiff cannot be logically differentiated from a dismissal with prejudice." Id. at 734 (emphasis in original). The district court concluded that the issue in the case is whether the trial court abused its discretion. With the foregoing we agree, and we approve this preliminary ruling.
Rule 1.380 is derived from Federal Rule of Civil Procedure 37. Fla.R.Civ.P. 1.280, comm. note. The federal counterpart to rule 1.380(d), rule 37(d), is construed to contemplate dismissal with prejudice under appropriate circumstances, and it does not require violation of a direct court order. See, e.g., Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3d Cir.1979); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989 (8th Cir.1975). We interpret our rule likewise and therefore disapprove Rashard and Reliance Builders to the extent they hold to the contrary regarding rule 1.380(d).
We nonetheless quash the district court's holding that the trial court did not abuse its discretion on the record before us. In reaching this conclusion we are not unmindful of the appropriate test  whether reasonable persons could differ as to the propriety of the trial court's action. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We find that the trial court's dismissal with prejudice was unreasonable in this case. Entering a default judgment even for noncompliance with a court "order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstance." Mercer, 443 So.2d at 946.
The trial court may have been led astray by considering Wallraff's attorney's violation of a court order in his first action and coupling that violation with the failure to attend the deposition in the present action. We find that the first action should not be considered. The plaintiff paid a price for his violation in the prior action by using his one free voluntary dismissal without prejudice under rule 1.420(a)(1). Moreover there is nothing in this record indicating there was a "deliberate and contumacious disregard of the court's authority," Id., in the prior action.
The respondent at oral argument conceded that if it were improper to consider the first action we should quash the decision of the district court. We agree. The only discovery with which the plaintiff had not complied by the time the trial court dismissed the complaint with prejudice was *52 the deposition. The parties are in dispute as to whether the deposition was cancelled. The trial court order did not recite that the failure to attend the deposition was willful or done in bad faith. If it was impossible for Wallraff to attend the deposition, as counsel contends, then this is a case where the sanction is punishing the litigant too severely for a failure to act on the part of his attorney, who should have moved for a protective order.
In accordance with the views herein expressed, we quash the decision below and remand with directions to remand to the trial court for reinstatement of the action.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and BARKETT, JJ., concur.
McDONALD, J., dissents.