## CHADWICK v FLORIDA EAST COAST HIGHWAY DISPATCH COMPANY

Case No. 89-06452

Fourth Judicial Circuit, Duval County

October 18, 1990

**APPEARANCES OF COUNSEL**

**William Earl Higginbotham, Esquire,** Beckham & McAliley, Jacksonville, for plaintiff.

**George D. Gabel, Jr., Esquire,** Gabel, Taylor & Dees, Jacksonville, for defendant.

**OPINION OF THE COURT**

FREDERICK B. TYGART, Circuit Judge.

*FINAL JUDGMENT OF DISMISSAL*

This Court held an evidentiary hearing on October 3 and 4, 1990, in order to investigate defendant's allegations that plaintiff had violated an Order of this Court by conduct which constitutes harassment and intimidation of its witnesses. The Court heard testimony from defendant's witnesses and also from plaintiff and his wife. Defendant has moved to dismiss this Federal Employers' Liability Act case by reason of plaintiff's violation of the Court's Order.

The Court makes the following findings of fact:

1. Rhonda Chadwick and Dell Hoard are witnesses listed by defendant whose testimony would be presented against plaintiff at trial, regarding both the cause and extent of plaintiff's alleged injuries from the accident which is the subject of this litigation.

2. The plaintiff, Steve Chadwick, telephoned Rhonda Chadwick, his former wife, on July 7, 1990, threatening to kill her and her family in a manner similar to the GMAC murders in Jacksonville the month before if they testified against him in this action.

3. Because of the threats made by the plaintiff, and the plaintiff's history of violence, the witnesses became reluctant to testify and defendant requested protection for them.

4. This Court entered a temporary injunction on August 27, 1990, enjoining the plaintiff from harassing any of defendant's witnesses or their families, by telephone calls, by following them around, or by other acts or conduct which would constitute threats or intimidation of the witnesses.

5. The Court also entered a protective order on August 30, 1990, allowing defendant to have security personnel present at the depositions of Rhonda Chadwick and Dell Hoard, and requiring the exclusion of the plaintiff from the depositions and from the building where the depositions were to be taken.

6. This Court finds Rhonda Chadwick and Sandra McLeod to be credible witnesses, and accepts their testimony that the plaintiff attempted to harass and intimidate Ms. Chadwick the night before her scheduled deposition, September 4, 1990, by following her in his car to her sister's house, where she was visiting, making his presence known to her and cause her to feel threatened and intimidated. The Court finds this conduct to be an intentional violation of the temporary injunction entered August 27, 1990.

7. The Court also accepts the testimony of Rhonda Chadwick that the plaintiff has a history of following her around in an attempt to harass her and that he has physically abused her in the past. The Court believes that Ms. Chadwick feels intimidated by the threats made against her and her family by the plaintiff in this case and that she has reason to believe that her testimony against the plaintiff might lead to physical harm to herself and her family.

8. The Court finds Dell Hoard to be a credible witness, and accepts his testimony that the plaintiff threatened to murder him and other family members if anyone in the family became involved in the

**155**

plaintiff's lawsuit and that the plaintiff's threats should be taken seriously.

9. The Court rejects the testimony of plaintiff and his present wife, Karen Chadwick, finding them not to be credible witnesses.

10. Plaintiff had clear notice of the specific conduct from which he was prohibited by the temporary injunction. Further, this Court's Order, entered August 30, 1990, denying defendant's first motion to dismiss the action for plaintiff's attempts at intimidation of defendant's witnesses, specifically warned plaintiff that a dismissal of the plaintiff's lawsuit could result from a violation of the injunction.

The following are the Court's conclusions of law:

1) This Court has the authority to dismiss a civil lawsuit with prejudice when a party has deliberately disobeyed an Order of the Court. Florida Rules of Civil Procedure 1.420(b); *Surrencey v Winn and Lovett Grocery Co.,* 160 Fla. 294, 34 So.2d 564 (Fla. 1948).

2) The severity of sanctions imposed by the Court is a matter within the Court's discretion. *Ferrante v Waters,* 383 So.2d 749 (Fla. 4th DCA 1980); *Hart v Weaver,* 364 So.2d 524 (Fla. 2d DCA 1978).

3) While the law abhors the denial of access to the courts, a willful disregard of a specific Order of the Court warrants a dismissal for the willful abuse of the processes of the Court. *Rashard v Cappiale,* 171 So.2d 581 (Fla. 3d DCA 1965). *State v Fatorusso,* 228 So.2d 630 (Fla. 3d DCA 1969); *Johnson v Landmark First National Bank,* 415 So.2d 161 (Fla. 4th DCA 1982).

4) Plaintiff's conduct is an affront to the authority of this Court. The integrity of the judicial system is threatened by the harassment and intimidation of witnesses who seek to tell the truth. The Court feels compelled to issue its most severe sanction in the face of plaintiff's deliberate disregard of the Court's authority. As the Supreme Court of Florida stated in *Surrencey, supra,* "A plaintiff who invokes the jurisdiction of a court and seeks to avail himself of it must abide by the orders of the court or risk the consequences of forfeiting his lawsuit." *Id.* at 565.

Upon consideration, therefore, it is

ORDERED AND ADJUDGED that:

1) This action is dismissed with prejudice.

2) This Court reserves jurisdiction to award attorney's fees and costs.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 18th day of October, 1990.