## Ezra Trull *vs.* The Roxbury Mutual Fire Insurance Company.

The defendants, a mutual fire insurance company, insured the plaintiff $2000 on two buildings, $1000 on each, for seven years: The policy contained a stipulation, that the defendants would make good all damages by fire to the premises, during the term, "not exceeding the amount insured;" and that in case of loss the

defendants might "replace or repair within a reasonable time:" Both buildings were destroyed by fire, within the term, the one entirely and the other with the exception of a few planks and sills, and were rebuilt and replaced by the defendants, according to the stipulation in the policy, at an expense of $800 for one, and of $650 for the other: Subsequently, but within the term, both the new buildings were entirely destroyed by fire: It was held, that the plaintiff was thereupon entitled to recover on the policy the sum of $550, being the difference between the sums insured, and the sums paid for former losses, on the two buildings.

THIS was an action on a policy of insurance, dated October 18th, 1839, by which the defendants insured the plaintiff in the sum of $2000, on two wooden buildings, situated on Portland street, in Boston, and used as stables, $1000 on each, against damage by fire, for seven years from October 1st, 1839. The plaintiff, agreeably to the act of incorporation and by-laws of the defendants, and conformably to the usual practice in mutual fire insurance, paid the defendants a premium of $50, on taking the policy, and, at the same time, gave them a deposit note for $200, by which he became liable to pay any assessments which should be laid thereon, according to the regulations of the company.

The policy contained a stipulation, binding the funds of the company "to satisfy and make good unto the said Ezra Trull, his heirs, executors and administrators, all the damage by fire, which may happen to said buildings, within the term aforesaid, according to the true intent and meaning of said rules and by-laws, not exceeding the amount insured thereon." It also contained a provision, that, "in case of loss, this company may replace or repair within a reasonable time."

The action was submitted to the court upon the following agreed statement of facts : —

On the 10th of September, 1843, one of the buildings, the most northerly one, was entirely destroyed by fire. The other, the most southerly one, was likewise destroyed, at the same time, with the exception of a few planks and sills, as hereinafter stated. The plaintiff claimed the whole sum insured, as for a total loss of the property. The defendants elected to restore the buildings, and did so within the reasonable time stipulated in the policy ; expending for that purpose

the sum of $800 for the northerly and $650 for the southerly building.

Outside of the south building there was a pump rising above the roof, and used for the purposes of supplying the stables and the plaintiff's distillery adjoining with water, and worked by a steam engine in the distillery. The pump and rigging attached were destroyed by the fire, and were not replaced by the defendants; and the plaintiff objected to accepting the buildings replaced on that account, but took possession of them, and let them to tenants.

All the sills of one of the stables, the south one, were uninjured by the fire, but were partially rotten. The defendants directed the whole to be used in restoring the building, and thereupon the plaintiff requested the contractor for the building to make use of new in the place of what was rotten, and paid for it. About two thirds of the sills of the building were used, which would have cost new from $15 to $20. A small portion of the floor of the building, not injured by the fire, was also used in replacing it. The plaintiff purchased of the contractor a portion of the old planks of the building, for about $20.

After the buildings were rebuilt, the defendants did not require the policy to be cancelled, or return the deposit note; and they have not called on the plaintiff for any payments thereon. No assessment had been laid before this suit was brought.

On the 18th day of July, 1845, the new buildings were destroyed by fire, and the plaintiff claims the whole sum insured thereon. If the court shall be of opinion that he is entitled to recover that sum, or any part thereof, judgment is to be entered accordingly.

The cause was argued at the last March term, by *C. G. Loring,* for the plaintiff, and by *E. D. Sohier,* for the defendants.

SHAW, C. J. This action is brought to recover damages for loss by fire on two stables belonging to the plaintiff, separately insured by the defendants for $1000 each, for the term

Trull v. The Roxbury Mutual Fire Insurance Company.

of seven years. The plaintiff, according to the charter and regulations of the company, and conformably to the usual course of proceedings of mutual insurance offices paid the defendants a certain amount by way of premium, on taking the policy, and at the same time gave them his deposit note, by which he became liable to pay such assessments as should be laid thereon by the president and directors of the company.

Two stipulations in the policy are regarded as material. The first is, that the company agreed to pay all losses, which shall happen to the buildings, within the term, "not exceeding the amount insured thereon." The other provision is, that "in case of loss the company may replace or repair within a reasonable time."

The material facts, stated in the case agreed, are, that after the policy attached, the buildings were both burnt. One was entirely consumed, and the other was burnt down, but some of the sills and other timbers belonging to it were not wholly consumed. The plaintiff claimed for a total loss, but the company elected to repair and replace the buildings, which they did within the time limited; the first mentioned building at a cost of eight hundred dollars, and the other at that of six hundred and fifty dollars. Subsequently, but within the term for which the insurance was made, the new buildings took fire and were wholly consumed; whereupon, after due notice, proof and demand, this action was brought.

The defendants contend, that when the first building was wholly consumed, and was wholly replaced or rebuilt, at their expense, this was in the nature of an adjustment as for a total loss and payment thereof; that although the policy was not cancelled, or surrendered, yet it was at an end by a complete performance on their part; and that although the sum paid by them was somewhat less than the sum insured, still it was a complete indemnity, by placing the buildings in as good a condition as before the fire, and was therefore a fulfilment of the terms of their contract of indemnity.

But the court are of opinion, that this is a mistaken view of the nature of this contract, and of the rights of the

assured; arising perhaps from a supposed analogy between this contract and that of a policy of marine insurance. The contract between a mutual fire insurance company and a party insured by it is somewhat peculiar. The assured is a member of the company so long as the policy exists; and the insurance is for a term of time, usually for seven years. He pays a sum in the outset as a premium and deposit, estimated at a rate somewhat more than sufficient to pay probable current losses, and with a right to a *pro rata* return, at the end of the time, if, upon a statement of an account of all the losses, which have occurred during the whole of such time, the premium and deposits have not been absorbed in the payment of losses. He also makes himself liable to pay assessments, to a limited amount, in order to pay losses to other members, should any occur within the time, which the sums received for premiums and deposit might not be sufficient to cover. Such being the contract between the parties, there seems to be no ground to hold, that it is terminated by the payment of any loss. The assured, by his deposit note, is liable to assessment according to the terms of the policy, during the whole term; and the land, on which the buildings stand, is subject to a lien for its security. Were it not for the express limitation in the policy as to the amount of the sum insured, we do not see why the company might not be liable for successive losses.

The distinction between the contract of fire insurance, and that of marine insurance, and the mode of adjustment and satisfaction, is marked and obvious. In fire policies, the assured recover the whole loss, if within the amount insured, without regard to the proportion between the amount insured and the value of the property at risk; whereas, in marine policies, the insurer pays only such a proportion of the actual loss, as the sum insured bears to the value of the property at risk. For instance, on fire policies, if the sum insured be $2000, on property worth $10,000, and the assured sustains an actual loss on the whole, he recovers the whole $2000. But in a like case, on a marine policy, he would recover one

fifth only or $400; being the proportion which the sum insured bears to the value at risk; the assured himself bearing the other four fifths of the risk.

The result is, that every settlement of a loss by fire is in the nature of the adjustment of a partial loss, although it may amount to the whole sum insured. It is the payment of the whole actual loss sustained, on the whole property at risk, not exceeding the sum insured, without regard to any apportionment between the sum insured and the property at risk, or to any abandonment or technical or constructive total loss, or salvage. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205; *Holmes* v. *Charlestown Mutual Fire Ins. Co.* 10 Met. 211.

We can therefore perceive no analogy between the rebuilding of the stables, though it fully replaced the former structures, and the payment of a total loss. It was clearly not to the amount insured; and it was not competent for the defendants to say that it was overvalued; the value having been agreed on by the parties. In the absence of fraud, — such fraud as would invalidate the policy, — the valuation is conclusive upon both parties. *Fuller* v. *Boston Mutual Fire Ins. Co.* 4 Met. 206; *Holmes* v. *Charlestown Mutual Fire Ins. Co.* 10 Met. 211.

The sum insured on each building being $1000, the assured is entitled to indemnity thereon to the amount of $1000, and this was not exhausted by paying the several sums of $800 and $650 towards rebuilding, any more than it would have been by paying the plaintiff the like sum in money. The court are therefore of opinion, that he is entitled to judgment for $550, being the difference between the sums insured, and the sums paid for former losses, on the two buildings.