SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plainitff in Error,* v. GEORGE W. BROWN, *Defendant in Error.*

Opinion Filed February 12, 1919.
Petition for Rehearing denied March 17, 1919.

1. The *ad damnum* clause of a declaration is to give notice to the defendant of the extent of the plaintiff's claim and

plaintiff can not recover greater damages than are claimed in his declaration.

2. Where interest at the legal rate is allowed as an incident to the recovery it is not necessary that there should be an express claim for interest in the declaration, provided the *ad damnum* clause is suffiicent to cover it.

A Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed if remittitur is entered.

*L. N. Green,* for Plaintiff in Error;

*H. M. Hampton,* for Defendant in Error.

WEST, J.—This is an action for the value of a carload of tomatoes delivered by defendant in error to plaintiff in error for carriage from Anthony, Florida, and delivery to the consignee of such shipment in the city of Philadelphia, Pennsylvania. It was tried before the Circuit Jude, a jury having been waived, who found in favor of the plaintiff.

The value of the car of tomatoes was alleged to be four hundred and sixty-three dollars ($463.00), and it was alleged that the defendant carrier had not made delivery of such shipment as agreed and that the same was therefore wholly lost to the plaintiff. The damages laid in the *ad damnum* clause of the declaration is $463.00, the alleged value of the goods delivered for carriage.

The Circuit Judge found in favor of the plaintiff, assessed his damages and entered judgment' in his favor and against the defendant in the sum of $539.68, which

included interest on the amount of the claim, although no interest was claimed in the declaration.

Several errors are assigned, but it is necessary to consider only the one which questions the finding and the judgment on the ground that they are excessive.

The *ad damnum* clause of a declaration is to give notice to the defendant of the extent of the plaintiff's claim, and it is well established that a plaintiff can not recover greater damages than are claimed in his declaration. 2 Greenleaf on Evidence, Sec. 260; 1 Chitty on Pleading, p. 442; Weber v. Morris & Essex R. R. Co., 35 N. J. L. 409; Karnuff v. Kelch, 69 N. J. L. 499, 55 Atl. Rep. 163; Anderson v. Carlin, 24 Fla. 199, 3 South. Rep. 577; Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241. In the latter case this court said: "Where interest at the legal rate is allowed as an incident to the recovery it is not necessary that there should be an express claim for interest in the declaration, provided the *ad damnum* clause is sufficient to cover it."

There was, therefore, error in the finding and judgment, but if the plaintiff below will enter a remittitur of seventy-six and 68/100 dollars ($76.68) the judgment will stand affirmed; otherwise the judgment will stand reversed on the thirtieth day after the mandate is filed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.