BARANCIK *v.* SCHREIBER.

1. JUDGMENT—EXCESS ABOVE AD DAMNUM CLAUSE—INTEREST AND ATTORNEY'S FEES.

That the interest and attorney's fees brought a Florida judgment above the *ad damnum* clause, *held*, not to render it void under either Florida or Michigan law, especially where the excess is remitted.

2. SAME—FOREIGN JUDGMENT—CONCLUSIVENESS—FRAUD.

A judgment of a court of competent jurisdiction in one State is conclusive upon the parties to the action, and their privies, in the courts of another State, and cannot be attacked, even upon the ground of fraud, except by a direct proceeding in the court in which it was rendered.

3. SAME—DEFENSE OF FRAUD NOT AVAILABLE—HOLDER IN DUE COURSE.

In an action on a foreign judgment based on a note, the defenses of fraud and that plaintiff was not a holder in due course are not available, but such defenses should have been made in the original action.

On law governing right to interest on foreign judgment, see annotation in 56 L. R. A. 309.

4. SAME—CLERICAL MISTAKE IN TRANSCRIPT OF JUDGMENT.
   A discrepancy in dates in a transcript of a foreign judgment, which was clearly the result of a clerical mistake, will not invalidate the judgment in an action thereon in this State.

Error to Wayne; Brennan (Vincent M.), J. Submitted January 10, 1929. (Docket No. 49, Calendar No. 33,912.) Decided March 29, 1929.

Assumpsit on foreign judgment by Milton V. Barancik against Nathan Schreiber. From summary judgment for plaintiff, defendant brings error. Affirmed.

*Bryant, Lincoln & Miller,* for plaintiff.

*Shapero & Shapero,* for defendant.

FELLOWS, J. Plaintiff counts upon a judgment recovered by him against defendant in the civil court of record for Dade county, Florida, upon a promissory note, and in which suit defendant was personally served. Plaintiff moved for summary judgment. Without quoting in full one of the affidavits of defendant's counsel (and the one which sets forth more in detail the defense) it will suffice to say that it sets up:

(1) That the Florida judgment is void because in excess of the *ad damnum* clause of the declaration; (2) because defendant's default was there entered on the April rule day instead of the May rule day; (3) that a copy of the declaration was not served on defendant; (4) that there was a conspiracy between plaintiff's Florida attorney and defendant's Florida attorney to enter such judgment; (5) that plaintiff was not the real party in interest.

1.   The *ad dammum* clause in the original suit was $2,500.   The interest and attorney fees allowable under the Florida law brought the amount due $83.50 above this sum, and the judgment was for $2,583.50. Plaintiff remitted the excess.   Under the holdings of this court this did not render the judgment void, *Hollingsworth* v. *Life Insurance Co.*, 241 Mich. 675, and such is the holding in Florida, especially where the excess is remitted, *Seaboard Air Line Ry.* v. *Brown*, 77 Fla. 155 (81 South. 107).   See 33 C. J. pp. 1166, 1167.

2 and 3.   In the affidavit of defendant's attorney, without setting up his familiarity with the Florida practice, it was claimed that the entry of defendant's default at the April rule day was improper and should have been deferred until the May rule day. The plaintiff produced and filed the affidavits of two practicing Florida attorneys unequivocally stating that the default was properly entered at the April rule day, and that the Florida practice did not require the service of a copy of the declaration.

4.   The fourth objection is answered by the case of *Dunlap* v. *Byers*, 110 Mich. 109, where it was held (quoting from the syllabus):

"A judgment of a court of competent jurisdiction in one State is conclusive upon the parties to the action, and their privies, in the courts of another State, and cannot be attacked, even upon the ground of fraud, except by a direct proceeding in the court in which it was rendered."

5.   Defendant's pleadings and affidavits filed in his behalf disclose that he claims that the note upon which the Florida suit was brought was given to one Herman Morton in consideration or part consideration for a lot purchased by him in Florida, and which was represented to be unrestricted, but which

was in fact restricted, and that plaintiff was not a holder in due course; in fact, was the dummy of Morton. This was disputed, but we think it is obvious that such defenses should have been made in the Florida suit, and are not available in this action brought on the judgment there obtained.

It is here urged, as an additional reason why the Florida judgment is void, that the transcript of that judgment shows a difference in dates which is unexplained. The transcript shows:

"And on June 10th, 1927, plaintiff filed final judgment in words and figures as follows, to-wit:"

Then follows the judgment in due form, concluding:

"Done and ordered at Miami, Florida, this 9th day of June, A. D. 1927."

It is too patent for argument that this discrepancy in the dates is a result of a clerical mistake. It does not invalidate the judgment. All the defenses here urged were available in the Florida court, either upon a trial or upon proper application to vacate the default or judgment. They are not available here unless we overlook our duty to give full faith and credit to the judgment of a court of record of a sister State.

The judgment will stand affirmed.

NORTH, C. J., and FEAD, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.