PIERCE, Judge.
This is an appeal from a final decree which awarded appellee (plaintiff) the sum of $3,589.56 plus $682.00 as interest thereon and $145.30 as costs. Said decree also granted plaintiff’s motion to strike appellants’ (defendants’) supplemental pleadings and entered final decree in favor of plaintiff.
The plaintiff sued the corporate defendant in equity, alleging an agreement between said defendant and itself for its transporting defendant’s mobile homes from one state to another. As an inducement to enter into the agreement, plaintiff had required the defendant corporation to deposit money with the latter’s attorney, George N. Meros, to be held in trust by him to be paid to the plaintiff when it had fulfilled its contractual obligation.
Plaintiff alleged its fulfillment of its part of the agreement and said defendant’s failure to pay the sum due, to-wit: $3,589.-56.
The relief sought was: a determination of Mr. Meros’ status as trustee for his co-defendant and for plaintiff; an accounting, including determination of the amount of indebtedness due and of the amount held by Mr. Meros in trust to satisfy the debt; an order requiring the paying over of the trust funds insofar as they were adequate to satisfy the indebtedness; and a judgment against the corporate defendant" for; the balance of the indebtedness due.,,
The defendants answered, denying plaintiff’s compliance with the terms of the agreement, denying that defendant Meros held the funds in trust, and denying that defendant corporation was indebted in the sum stated.
The issues were thus joined and the cause proceeded to hearing, culminating in an interlocutory order awarding the plaintiff the sum of $3,589.56, plus interest and costs, less and except those sums to which the defendant corporation might be entitled by way of setoff. The order also provided for a supplemental hearing based on supplemental pleadings dealing with the question of setoff for trailer repairs and for a freight charge based on mileage to St. Pe-tersburg rather than to a point in Alabama where delivery of one trailer was made.
The final decree appealed incorporated in haec verba the interlocutory order and we shall first deal with the issues addressed to that order. With respect thereto, appellant raises the following points: (1) the chancellor erred in finding that the plaintiff did that which it was obligated to do under the agreement, and his findings thereon are not supported by substantial, competent evidence; (2) the chancellor committed error in awarding interest on the funds found to be held in trust and in entering a decree against the defendant Meros in an amount in excess of the funds held in trust.
The plaintiff and defendant Southeastern had entered into a contract for the transportation of fourteen of defendant’s trailers from Columbus, Mississippi, to St. Petersburg, Florida. After beginning the transport, plaintiff refused to continue because two of defendant’s checks given as part payment had been dishonored. Two trailers had already been delivered when plaintiff ordered the remaining twelve stopped. Some of the trailers enroute were in Alabama and plaintiff stored the same on a parking lot until the matter could *56 be resolved. Wliile on the lot one trailer disappeared.
At this point the parties met one Sunday morning in the office of defendant Meros, attorney for the defendant corporation. The plaintiff corporation, through its officer, believed that the missing trailer was stolen and that therefore it was liable for it. Assuming this state of affairs to exist, the parties entered into discussion and came to an agreement, when, still in Mr. Meros’ office, they learned that the missing trailer had been attached. The point then to be determined was whether or not the attachment was legal. The tentative agreement between the parties, based on the mistaken belief that the missing trailer was stolen, was now modified to take into account the question of whether or not the attachment was legal. If the attachment was illegal plaintiff was to accomplish the release of the trailer before being entitled to payment. If legal, then plaintiff had no duty with regard to the missing trailer. On the basis of this agreement $3,000.00 was deposited by the corporate defendant with defendant Meros for delivery to the plaintiff when it had complied with the agreement.
Advice was sought from Alabama counsel and although initially the Alabama lawyer indicated to the plaintiff that the attachment was illegal, further investigation and amendment of certain papers in the law suit yielded the new advice that said attachment was legal. Plaintiff, who would have been required to post a super-sedeas bond to obtain the release of the trailer in the action involving the alleged debt of the defendant corporation, turned the matter over to the defendants when advised that the attachment was legal. Subsequently the defendant corporation did not attack the attachment as illegal and therefore invalid, but chose rather to settle the claim, thereby releasing the trailer.
Finding the Alabama attachment to be legal, the chancellor found the pivotal issue to be the question of what the parties intended by the defendant corporation’s deposit of funds with the defendant Meros.. In other words, the chancellor, as trier of the facts, had to determine what agreement had been made and whether or not the plaintiff had complied therewith. The-Court found the plaintiff surrendered the trailer in reliance upon its understanding-of the agreement with the defendants,, namely, that the defendant Meros would', pay out of the funds deposited with him the-moneys to which plaintiff was entitled if plaintiff fulfilled its promise to ascertain if the attachment in Alabama was lawful. Finding that plaintiff did that which it was. obligated to do, the chancellor found the plaintiff to be entitled to payment. From a careful study of the record, we hold the chancellor’s findings to be supported by substantial, competent evidence.
One of the errors appellant has assigned is the chancellor’s finding that the attachment was legal. While the chancellor specifically found the attachment to be legal, we consider the same a superfluous finding, inasmuch as the chancellor’s interpretation of the agreement, supported by substantial, competent evidence, is that the plaintiff was to ascertain if the attachment was lawful. This was accomplished by seeking and obtaining advice from Alabama counsel and did not necessitate or entail court action once such advice produced the information that the attachment was lawful. Believing it lawful on counsel’s advice, plaintiff was not required to enter the court and in bad faith argue the attachment’s illegality. Therefore, we have not considered the Alabama law.
The chancellor found the sum due the plaintiff to be $3,589.56, plus interest and costs, and further found that $4,000.00 (as alleged in the complaint, but not in testimony) was deposited with defendant Meros. The latter finding is in error, the testimony of all the parties having clearly established that only the sum of $3,000.00 was deposited. While one of the plaintiff’s agents testified that the defendant Meros *57 represented to his client that the sum deposited, together with other funds of the ■client he was holding in trust, were more than enough to pay the claim of plaintiff, there is no evidence as to what amount the •defendant Meros might have had in trust ■outside of the $3,000.00.
The position of Meros as trustee is 'that of a stakeholder, and his liability to the plaintiff can only he up to the amount he was holding. Reaves v. Domestic Finance Company, 1934, 113 Fla. 672, 152 So. 718; pet. for reh. den. 116 Fla. 22, 156 So. 235.
The balance of the amount found by the chancellor to he due the plaintiff should Re borne by the corporate defendant alone and appropriate decree entered against it, plus interest.
The question now recurs: whether or ■not, since the sum of $3,000.00 in the hands of defendant Meros was held in trust, it is subject to interest. The appellants assert two reasons for interest not to be allowable: (1) that since the appellant Meros ■is in the position of stakeholder his liability should not exceed the funds held, and •interest would, of course, create a judgment in excess of the fund deposited with him; and (2) that interest was not sought in the ad damnum clause of the complaint.
As to the first point, reference must be -made to the record which disclosed in a post-decretal order that the defendant Meros announced to counsel for the plaintiff that the funds deposited with him had been applied by him to attorney’s fees due from the corporate defendant for an unrelated matter. He announced he would personally pay or be responsible for any judgment which might be entered against the ■defendants up to the amount that had been deposited with him.
While ordinarily trust funds are not subject to interest since the relationship of debtor and creditor does not exist between fiduciary and beneficiary, in the instant case while technically the fund was to be in trust, nevertheless the fiduciary himself created the debtor-creditor relationship by applying the fund to another debt owed him by his co-defendant; therefore, he had the use and benefit of the money which by his own action was now personal money and available to him to be earning interest. Mr. Justice Terrell, in speaking for the Florida Supreme Court, in Everglade Cypress Company v. Tunnicliffe, 1933, 107 Fla. 675, 148 So. 192, 194, expounded the general rule that interest may not be allowed on trust funds, but pointed out the exception to the rule and the rationale behind it, in the following language:
“The soundness of this rule cannot be controverted, though it is not without its exceptions. The theory on which interest is allowed on any fund is that it is held in such way that it may be put to work and earn it, that is to say, that the relation of debtor and creditor exists between the owner and user of the fund rather than that of fiduciary or trustee.” (Emphasis supplied).
The fund in the instant case, having been released by the defendant Meros, could be put to work to earn interest, and he, therefore, cannot be heard to say that because the fund ought not to have been released, it being in trust, it cannot earn interest. The said $3,000.00 bears interest from the time it should have been delivered to the plaintiff on demand.
 As to the second point, Seaboard Air Line Railway v. Brown, 1919, 77 Fla. 155, 81 So. 107, stands for the proposition that where interest is allowed as an incident to the recovery, it may be awarded even though not specifically requested, so long as the amount sought in the ad damnum clause is sufficient to cover it. Also, in Winchester v. Florida Electric Supply, Inc., Fla.App.1964, 161 So.2d 668, it was held that notwithstanding the lack of a specific claim in the complaint for interest on an open account, interest was allowable under Rule 1.8(b), Florida Rules of Civil Pro *58 cedure, 30 F.S.A., providing that every cotnplaint is- considered to pray for general relief. It should he remembered that the complaint herein sought the sum of $4,000 which is in, excess of the principal sum recovered go that the defendant cannot complain that he was without notice.that more than $3,000 might be recovered, notice being the rationale of the early Seaboard Air Line rule. , ' ’
The one remaining aspect of the case is the question of whether or not the defendant’s counterclaim, (by way. of supplemental pleading, after the main claim was adjudicated), should have been dismissed on failure to respond to written interrogatories posed by the plaintiff.
The factual situation leading to the dismissal is as follows: the defendant alleged a set-off for the freight’ charge to St. Petersburg made for the trailer released in Alabama and never delivered to St. Peters-burg, and for damages to other trailers. The plaintiff responded with a general denial and, with regard to the freight charge, asserted the affirmative defense of'a contractual limitation by virtue of the Motor Carrier Act of 1935. Plaintiff posed interrogatories in connection with the alleged trailer damages. Defendants failed to respond and plaintiff moved to have the supplemental pleadings stricken in accordance with F.R.C.P. 1.31(d). Said motion was made some five months after the answers were due. On hearing, the Court denied the motion, giving the defendants ten more days within which to file answers and ordering that on failure so to do, the relief moved for would be forthwith granted. The answers were neither filed nor served and plaintiff, approximately three and a half weeks later, moved to strike the supplemental pleading. The day before hearing on said motion, answers to the interrogatories were filed and served. The Court struck the supplemental pleading and entered a final decree in accord with its previous order which adjudicated the main claim.
In Rashard v. Cappiali, Fla.App.1965, 171 So.2d 581, 582, in discussing the-power of a trial Court, the 3rd District Court said:
“There can be no. doubt of the authority of a trial court to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. Local 415, Miami Joint Council, etc. v. William Weitz, Inc., Fla.App.1962, 141 So.2d 18. The Court in the Weitz casein discussing Rule 1.31(d) affirmed a judgment dismissing a complaint for plaintiff’s failure to appear for the taking of a deposition- after the trial court had denied a motion to quash the' noticc. of taking the deposition and thus in effect, ordered the plaintiff to appear. It was-pointed out that our Supreme Court had. held that a trial court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure. Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564.”
The rules of discovery apply to-both legal and equitable actions.
It must be noted that the dismissal' of the counterclaim here has the effect of a-dismissal with prejudice since the counterclaim was a compulsory one, and if not adjudicated in this suit is foreclosed from adjudication. See Rule 1.13, Florida Rules of Civil Procedure. Where the trial Court dismisses a cause with prejudice for failure to-comply with a Court order requiring answers to interrogatories by a date certain,, the only question to be determined is whether there has been an abuse of discretion in entering the order setting the time limit for compliance. Rashard v. Cappiali, supra. No abuse has been here shown.
That the claim for freight charge-was included in the dismissal of the counterclaim, although not the subject of the interrogatories, is irrelevant, since Rule 1.31 (d) and the order of the Court are explicit as to the penalty.
*59 For the reasons hereinbefore set forth the decree appealed is reversed in part and affirmed in part with directions for further proceedings in the lower Court not inconsistent herewith.
ALLEN, C. J., and FUSSELL, CARROLL W., Associate Judge, concur.