322 So.2d 46 (1975)
Fred S. PALILLA, Appellant,
v.
ST. PAUL FIRE and MARINE INSURANCE COMPANY, a Corporation, Appellee.
No. X-187.
District Court of Appeal of Florida, First District.
October 29, 1975.
Rehearings Denied December 4, 1975.
*47 Eugene Loftin, Jacksonville, for appellant.
John I. Todd, Jr., Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from an order denying appellant's motion for rehearing of final judgment rendered in an action brought by appellee for interpleader and a cross-appeal by appellee.
Appellant was issued a policy of fire insurance by appellee for his dry cleaning business in Jacksonville. The policy provided for $45,000 coverage on the contents of appellant's Market Street property and $15,000 coverage on appellant's Justina Road property. (The policy also provided additional insurance on personal property of others with which we are not concerned on this appeal.) On February 13, 1972, while this policy was in effect, the Market Street property was partially damaged by fire and appellant filed a claim with appellee *48 therefor. On February 26, 1972, the Market Street property had another fire which resulted in total loss of the property. Creditors of appellant also filed claims with appellee to proceeds of the policy. On December 8, 1972, appellee filed a complaint for interpleader requesting that the conflicting claims be determined in one proceeding. Appellant subsequently filed a counterclaim requesting that a judgment be entered for the losses sustained by him in each of the two fires and seeking reformation of the policy to reflect coverage of $62,500 for contents of the Market Street property rather than $45,000 as shown by the policy. On October 24, 1973, appellee deposited $75,000 in a savings account pursuant to order of the court which directed that said funds and interest accruing thereon be held in the account and that no disbursement be made except on order of the court. $45,000 of this $75,000 deposit was the face amount of the policy coverage on building contents.
By the final judgment and order on motion for rehearing, the trial court denied reformation of the policy thereby ruling that the insurance coverage on the contents was $45,000. The court further ruled that appellant was not entitled to recover an amount in excess of the face amount of the policy for both fires, and that appellant was not entitled to an award of interest on the face amount of the policy for the period prior to the aforesaid deposit of the $75,000. The court also made an award of attorney's fees to appellant.
Appellant contends that the court erred in (1) not reforming the policy; (2) in ruling that payment of the limits of the policy for the fire loss occurring on February 26 removed the liability of appellee for the fire loss which occurred on February 13 thereby limiting the recovery for the loss on both fires to the face amount of the policy; and (3) in not awarding appellant interest. Appellee, by its cross-appeal, contends that the trial court erred in ordering payment by it of attorney's fees for appellant in an interpleader action.
As to appellant's first contention that the court erred in not reforming the policy, we find no error. The burden was upon appellant to prove that by reason of fraud, inequitable conduct or mutual mistake, the policy did not express the actual contract intended by the parties. The proof of such must be by clear, convincing and satisfactory evidence. See Allstate Insurance Company v. Vanater, Fla., 297 So.2d 293 (1974). The evidence presented did not meet this test.
We agree with appellant's second contention. The policy contains the following clause:
"11. LOSS CLAUSE  Any loss hereunder shall not reduce the amount of this policy."
Construction of this clause appears to be a case of first impression in Florida and other jurisdictions. Neither party has cited a case interpreting this clause, nor have we from our research found any. The law is clear that in the absence of such a clause the insurer is held liable at most, in case of successive losses by fire, for only the difference between the amount paid on the first loss and the amount named on the policy as its coverage. See 44 Am.Jur.2d, Insurance § 1663; Trull v. Roxbury Mut. F. Ins. Co., 57 Mass. 263 (1849); and Crombie v. Portsmouth Mut. F. Ins. Co., 26 N.H. 389 (1853). When, however, we consider the effect of the above loss clause contained in the policy in the case sub judice, the only logical interpretation that we can arrive at as to the meaning of this clause is that where there are successive losses, each loss will be treated independently under the policy  full recovery may be had for each separate loss up to the full amount of the coverage under the policy. To construe it otherwise would reduce the amount of the policy after each loss which *49 would be in violation of the above-quoted loss clause.
We find no error in the trial court declining to award appellant interest prior to the $75,000 deposit. Appellant did not seek interest in any pleading in the court below.
As to appellee's contention that the trial court erred in awarding an attorney's fee to appellant, we find no error. See Kurz v. New York Life Insurance Company, Fla.App. (1st), 181 So.2d 537 (1966), and Kurz v. New York Life Insurance Company, Fla.App. (1st), 168 So.2d 564 (1964).
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
BOYER, C.J., and MILLS, J., concur.