473 So.2d 774 (1985)
Robert M. BRAKE, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 84-1406.
District Court of Appeal of Florida, Third District.
August 6, 1985.
Robert M. Brake, Coral Gables, in pro. per.
Norman A. Blessing and John D. Maher, Tallahassee, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
We reverse and remand upon a holding that a letter properly addressed, stamped and mailed is presumed to have been received by the addressee. Brown v. Griffen Industries, Inc., 281 So.2d 897 (Fla. 1973) (on rehearing); Home Insurance Co. v. C & G Sporting Goods, Inc., 453 So.2d 121 (Fla. 1st DCA 1984); Berwick v. Prudential Property & Casualty Assurance Co., 436 So.2d 239 (Fla. 3d DCA 1983). Proof of mailing is generally satisfied by proof of general office practices. Brown; Home Insurance; Berwick.[*] Brake's testimony regarding his customary office practice was sufficient to trigger the presumption that his request for rehearing was timely received. Brown; Home Insurance; Berwick. The appeals referee heard no evidence to overcome this presumption. We therefore hold that the Unemployment Appeals Commission should have entertained the appeal and reached the merits of the case. Accordingly, we remand the cause for further proceedings to allow the Department of Labor and Employment Security to correct any apparent error in its records and to remove any inappropriate charges against Brake's account.
Reversed and remanded.
NOTES
[*] But see Colonnades, Inc. v. Florida Department of Commerce, 357 So.2d 238 (Fla. 1st DCA 1978) (evidence of office practice of Department of Commerce not sufficient to raise presumption of mailing of adverse determination precluding employer from entitlement to hearing); State v. Florida Department of Commerce, Division of Employment Security, 351 So.2d 769 (Fla. 3d DCA 1977) (no presumption of mailing attached to adverse determination letter allegedly sent to claimant, and claimant not precluded from appealing decision).