PER CURIAM.
Michael J. Getelman, defendant below, appeals and Burton R. Levey, plaintiff below, cross-appeals a final judgment entered upon a jury verdict holding Mr. Getelman liable for fraud and breach of fiduciary duty. Numerous issues are raised on appeal and cross-appeal.
The facts are as follows. Mr. Getelman and Mr. Levey were equal beneficiaries of a land trust which owned a building in Miami. Mr. Getelman had offices in and managed the building. In the summer of 1978, they learned the City of Miami was interested in purchasing the property. However, they later learned the city did not have the funds to acquire it.
Late in 1978, Mr. Getelman asked Mr. Levey if he would sell his one-half interest to him. Mr. Levey indicated that he would think about it. In the months that followed, the two discussed the sale of Mr. Levey’s interest. Mr. Levey asked Mr. Ge-telman in March, 1979 if he had heard from the city regarding the property. Mr. Getel-man told him he had not heard from the city.[1] On March 30, 1979, Mr. Levey sold his one-half interest to Mr. Getelman for $100,000. Within several weeks of that sale, the city offered Mr. Getelman $379,-812.50 for the property. He refused that offer. The city then began condemnation proceedings against the property. Mr. Ge-telman settled with the city for $750,000 in January, 1980.
Prior to this settlement, Mr. Levey sued Mr. Getelman for fraud and breach of fiduciary duty, and sought also the imposition of a constructive trust, rescission and in-junctive relief. It was Mr. Levey’s contention that Mr. Getelman had lied when he told Mr. Levey he had not heard from the city. The trial court granted summary judgment for Mr. Getelman. This court reversed on appeal. Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981). Follow *1238 ing remand, the trial court entered a directed verdict for Mr. Getelman. Again, this court reversed on appeal. Levey v. Getelman, 444 So.2d 1027 (Fla. 3d DCA), pet. for rev. denied, 453 So.2d 43 (Fla.1984).
On remand, Mr. Levey sued for fraud and for breach of fiduciary duty.[2] Mr. Getelman moved to dismiss the breach of fiduciary duty claim on the ground that it was an element of the fraud claim. The trial court denied the motion. On the day the case was set for trial, a motion by Mr. Levey for leave to amend his complaint was heard. Mr. Levey sought to include a claim for treble damages under section 812.035(7), Florida Statutes (Supp.1984). The trial court ruled that it would grant such amendment only if the trial were postponed. Mr. Levey chose to have the case proceed immediately to trial.
At trial, the deposition of Donal Stewart, an employee of the City of Miami, was read in evidence. Mr. Stewart stated that he had prepared letters on January 2, 1979, from his supervisor to Mr. Getelman and a neighboring property owner. The letters stated that the city was interested in acquiring each of their properties. Both letters were addressed to the wrong zip code. Mr. Stewart said he did not see the envelopes prepared, stamped or placed in the mail. It was undisputed that the neighboring property owner had received his letter. Mr. Stewart stated that he spoke on the telephone with Mr. Getelman in January, 1979 regarding the city’s interest in the property. Mr. Getelman denied receiving any contact from the city in January, 1979. He testified that the city contacted him only after he had purchased Mr. Levey’s interest.
At the charge conference, the trial court refused Mr. Getelman’s request to instruct the jury on the defense of comparative negligence and also refused Mr. Levey’s request to instruct the jury on prejudgment interest. Both Mr. Getelman and Mr. Le-vey requested different instructions on the presumption of receipt of mail. The trial court gave both of their requested instructions. Mr. Getelman requested the jury be instructed in part on damages, “that the measure of damages for fraud in the sale of property is the difference between the value of the property as represented and the actual value of the property at the time of sale.” Mr. Getelman’s instruction was based on the “benefit of bargain” rule. Strickland v. Muir, 198 So.2d 49 (Fla. 4th DCA 1967).
Mr. Levey requested the jury be told that if it found in his favor, it “shall award Burton Levey an amount of money equal to the real value of the property he sold to Michael Getelman for his interest, less any amounts received by Burton Levey from Michael Getelman for his interest in the property.” Mr. Levey’s instruction was based on the “out of pocket” rule. Strickland v. Muir, 198 So.2d at 51. The trial court gave the jury the “benefit of bargain” rule as requested by Mr. Getelman and the “out of pocket” rule as requested by Mr. Levey to apply in its determination of damages. The court also charged the jury to determine damages as of the date Mr. Levey sold his interest in the property to Mr. Getelman.
The jury returned a verdict for Mr. Le-vey on the fraud and breach of fiduciary duty claims. It awarded him $250,000 in compensatory damages and $25,000 in punitive damages.
On appeal, Mr. Getelman first contends the trial court erred in permitting Mr. Levey to plead a claim for breach of fiduciary duty because breach of fiduciary duty was an element of the fraud claim. We find it unnecessary to respond to this issue because the damage award was not divided between the breach of fiduciary duty count and the fraud count. We cannot therefore determine upon which count the jury assessed damages. See Long v. Bogaert, 471 So.2d 680 (Fla. 2d DCA 1985); City of Miami v. Harris, Nos. 84-1679, *1239 84-2525, 85-1352 (Fla. 3d DCA Dec. 17, 1985). We note that Mr. Getelman did not request separate damage findings for each count pled. Where a verdict can be sustained on any one of the theories submitted to the jury, the verdict will not be reversed where the complaining party did not request a separate finding. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1978); Dean Witter Reynolds, Inc. v. Leslie, 410 So.2d 961 (Fla. 3d DCA 1982); Pfister v. Parkway General Hospital, Inc., 405 So.2d 1011 (Fla. 3d DCA 1981), pet. for rev. denied, 413 So.2d 876 (Fla.1982).
Second, Mr. Getelman argues that it was error for the trial court to refuse to grant a mistrial on the ground of improper comments of counsel for Mr. Levey. In fact, only one of the comments Mr. Getelman complains of was heard by the jury. We agree that the statement made was improper. However, based on our review of the record, we conclude that it does not establish a basis for reversal of the judgment. The law is well-settled that unless a statement is highly prejudicial or inflammatory, a new trial is not required. Albertson’s, Inc. v. Brady, 475 So.2d 986 (Fla. 2d DCA 1985); Del Monte Banana Co. v. Chacon, 466 So.2d 1167 (Fla. 3d DCA 1985); State Farm Mutual Automobile Insurance Co. v. Guthrie, 321 So.2d 116 (Fla. 3d DCA 1975); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla.1975).
Mr. Getelman thirdly contends the trial court gave contradictory instructions involving the presumption of receipt of mail. The court gave the following instruction:
There is no presumption concerning receipt of a letter by an addressee unless there is evidence reflecting the letter has been properly addressed, stamped, and actually placed in the U.S. Mail.
General office practice may be considered in determining whether this is so. Proof of mailing of a document creates a legal presumption that the documents were received by the addressee. This presumption cannot be overcome by a denial of receipt. Proof of mailing is satisfied by showing that it was done in accordance with general office practice.
We do not find this instruction to be contradictory. It simply restates the rule that a letter properly addressed, stamped and placed in the mail creates a presumption of receipt and that proof of general office practice satisfies the requirement of showing due mailing. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla.1973); Brake v. Florida Unemployment Appeals Commission, 473 So.2d 774 (Fla. 3d DCA 1985); Berwick v. Prudential Property and Casualty Insurance Co., 436 So.2d 239 (Fla. 3d DCA 1983).[3]
Fourth, Mr. Getelman contends the trial court gave contradictory instructions in that two different standards were given for the measurement of damages. As earlier noted, the trial court gave the jury the “benefit of bargain” rule and the “out of pocket” rule to apply in arriving at damages.
We find the damage instruction was in part erroneous in that the “benefit of bargain” rule had no application to the facts of this case.[4] The “benefit of bargain” rule is designed for a situation where *1240 a party has effected a sale of property by representing it as worth more than its actual value. In the instant case, Mr. Getelman purchased Mr. Levey’s interest in the property by representing it was worth less than its actual value. However, since the erroneous instruction given was submitted by Mr. Getelman, he cannot claim error thereby. Bould v. Touchette, 349 So.2d 1181 (Fla.1977); County of Volusia v. Niles, 445 So.2d 1043 (Fla. 5th DCA 1984); Glabvo Dredging Contractors v. Brown, 374 So.2d 607 (Fla. 3d DCA 1979); North Shore Hospital, Inc. v. Luzi, 194 So.2d 63 (Fla. 3d DCA 1967).
Next, Mr. Getelman contends the trial court erred in allowing in evidence appraisals of the subject property which were made prior and subsequent to the date of sale and additionally erred in allowing in evidence the amount for which the city purchased the property. We find such evidence was properly admitted. In setting the value of property, Florida courts will accept any evidence logically tending to establish a correct estimate of the value of the property. J. & H. Auto Trim Co. v. Bellefonte Insurance Co., 677 F.2d 1365 (11th Cir.1982). This includes evidence of prior sales, Staninger v. Jacksonville Expressway Authority, 182 So.2d 483 (Fla. 1st DCA 1966), and evidence of subsequent comparable sales. Division of Administration, Florida Department of Transportation v. Espey, 413 So.2d 71 (Fla. 3d DCA 1982), pet. for rev. denied, 429 So.2d 5 (Fla.1983). “[Wjhere the time of the sale is not so remote as to destroy the evidentia-ry value of such testimony, it is largely within the discretion of the trial court to permit or exclude it.” Staninger v. Jacksonville Expressway Authority, 182 So.2d at 489.
Finally, we hold the trial court properly refused to give an instruction on comparative negligence. See Besett v. Basnett, 389 So.2d 995 (Fla.1980); Gold v. Perry, 456 So.2d 1197 (Fla. 4th DCA 1984).
On cross-appeal, Mr. Levey contends that he is entitled to prejudgment interest from the date he sold his one-half interest in the property to Mr. Getelman. Mr. Levey’s entitlement to prejudgment interest depends upon whether his claim has become liquidated. “[A] claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date.” Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212, 214 (Fla.1985) (quoting with approval Bergen Brunswig Corp. v. Florida Department of Health and Rehabilitative Services, 415 So.2d 765, 767 (Fla. 1st DCA 1982), pet. for rev. denied, 426 So.2d 25 (Fla.1983)). “[T]he fact that there is an honest dispute whether there is an actual debt and, if so, the amount, does not render the claim unliquidated.” Law v. Blue Lagoon-Pompano, Inc., 470 So.2d 33, 35 (Fla. 4th DCA 1985). In the instant case, the claim became liquidated when the jury awarded Mr. Levey $250,000 in compensatory damages as of March 30, 1979, the date he sold his interest to Mr. Getelman.
There is precedent for awarding prejudgment interest in similar fact situations. The Florida Supreme Court ruled a plaintiff was entitled to prejudgment interest when it affirmed a finding that the defendant had defrauded the plaintiff. Beidler v. Beidler, 43 So.2d 329 (Fla.1949). In Bergen Brunswig Corp. v. Florida Dept. of Health and Rehabilitative Services, 415 So.2d at 767, the court reversed a trial court’s denial of prejudgment interest in a claim for misuse and misappropriation of funds. In Hurley v. Slingerland, 480 So.2d 104 (Fla. 4th DCA 1985), the court affirmed an award of prejudgment interest in a suit against a partner for self-dealing to the detriment of his co-partners. Given the foregoing, we conclude Mr. Levey is entitled to prejudgment interest.[5]
We note that Mr. Levey’s failure to plead prejudgment interest does not preclude such an award. A specific demand *1241 for prejudgment interest is procedurally unnecessary. Jockey Club, Inc. v. Bleemer, Levine & Associates, 413 So.2d 433, 434-35, n. 2 (Fla. 3d DCA 1982); Winchester v. Florida Electric Supply, Inc., 161 So.2d 668 (Fla. 2d DCA 1964); see Seaboard Air Line Ry. v. Brown, 77 Fla. 155, 81 So. 107 (1919); Southeastern Mobile Homes, Inc. v. Transit Homes, Inc., 192 So.2d 53 (Fla. 2d DCA 1966).[6]
Mr. Levey next argues that the trial court erred in refusing to allow him to amend his complaint to include a claim for treble damages under section 812.035(7), Florida Statutes (Supp.1984). The section provides, “[a]ny person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012 — 812.037 has a cause of action, for three-fold the actual damages sustained....”
Mr. Levey’s motion was heard on the day the case was set for trial. Under these circumstances, we find there was no abuse of discretion for the trial court to only permit such amendment contingent upon a postponement of trial. See Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090 (Fla. 3d DCA 1984); Lasar Manufacturing Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Mr. Levey waived his right to bring a cause of action under section 812.035(7) when he chose to proceed immediately to trial rather than have the amendment. See Kay v. Amendola, 129 So.2d 170 (Fla. 2d DCA 1961); cf. Bryant v. Fiadini, 405 So.2d 1341 (Fla. 3d DCA 1981). Mr. Le-vey’s waiver of treble damages precludes a claim for such damages.[7]
For the foregoing reasons and based upon the authorities cited, the judgment of the trial court is affirmed with the exception that the court is directed to enter an award of prejudgment interest calculated at the statutory rate.
Affirmed as modified.

. Evidence to the contrary was offered at trial.

. Upon this second remand, the case was assigned to Judge James C. Henderson because of the retirement of the former judge.

. But see Colonnades, Inc. v. Florida Dept. of Commerce, Div. of Employment Security, 357 So.2d 238 (Fla. 1st DCA 1978) (employer was entitled to an appeal, notwithstanding its failure to file a response within ten days of mailing of the adverse determination letter, where facts in record failed to establish that date on the letter was also the date the letter was mailed); State ex rel. Owra v. Florida Dept. of Commerce, Div. of Employment Security, 351 So.2d 769 (Fla. 3d DCA 1977) (petitioner was entitled to an appeal, notwithstanding his failure to file a response within ten days of mailing of the adverse determination letter, where he claimed not to have received the letter and a denial of an appeal under such circumstances amounts to a denial of due process).

. The trial court may instruct the jury on the "out of pocket” rule or the "benefit of bargain” rule as justice demands. Hilsenroth v. Kessler, 446 So.2d 147 (Fla. 3d DCA 1983); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA), cert. denied, 238 So.2d 105 (Fla.1970).

.
"There is a growing trend among the states toward awarding prejudgment interest in tort actions, including those involving personal injury and wrongful death claims. Cf. Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935) (in Florida prejudgment interest is not recoverable on awards for personal injury). The primary rationale underlying court rules or stat *1241 utes mandating the award of prejudgment interest is to encourage settlements, recognizing that in most cases there are no real incentives to pretrial disposition of tort actions.”
A.R.A. Services, Inc. v. Pan American World Airways, Inc., 474 So.2d 396, 396-97, n. 1 (Fla. 3d DCA 1985).

. But see Patilla v. St. Paul Fire and Marine Insurance Co., 322 So.2d 46 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 603 (Fla.1976) (trial court did not err in declining to award prejudgment interest prior to time of deposit by insurer, where insured did not seek interest in any pleadings.)

. This is not inconsistent with our ruling that failure to plead prejudgment interest does not preclude a later claim for such interest. Prejudgment interest is an element of pecuniary damages. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d at 214. If a plaintiff fails to plead prejudgment interest, the defendant’s rights are not impaired by an award of prejudgment interest because he is on notice of the damages sought against him. If a plaintiff waives or fails to plead treble damages, however, the defendant’s rights are substantially impaired, if such damages are later awarded against him, because he is not on notice that the damages sought against him could be tripled.