NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEOVANNI HERNANDEZ,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-2735
                                       )
G & L TIRE FLEET SERVICE and           )
LOUIS ALVAREZ,                         )
                                       )
          Appellees.                   )
_____ )

Opinion filed May 15, 2015.

Appeal from the Circuit Court for Glades
County; Jack Lundy, Acting Circuit Judge.

Jesus O. Cervantes, Miami, for Appellant.

Steven A. Ramunni of Kahle & Ramunni,
P.A., Fort Myers, for Appellees.


MORRIS, Judge.

          Geovanni Hernandez appeals the denial of his motion to strike Louis

Alvarez and G & L Tire Fleet Service's (G & L's) motion to dismiss Hernandez's cause

of action for failure to prosecute as well as the order granting G & L's motion to dismiss.

Hernandez first argues that the trial court erred because the motion to dismiss was not

served on him by e-mail as required by Florida Rule of Judicial Administration 2.516.

We disagree and affirm. However, because Hernandez's counsel filed an affidavit asserting that he did not receive the motion to dismiss at least sixty days in advance of the trial court's order granting the motion to dismiss as required by Florida Rule of Civil Procedure 1.420(e), we agree with Hernandez's argument that the trial court erred. We therefore reverse and remand on that issue.

## I.    BACKGROUND

Hernandez alleged below that Alvarez was not giving Hernandez access to the books and records of their joint business, G & L, and that Alvarez was removing money from the business account without Hernandez's permission. In 2007, Hernandez filed his action for a receivership and liquidation of the business assets of G & L.

In December 2013, G & L moved to dismiss the action for lack of prosecution. In its motion, G & L asserted that Hernandez was served with the motion by U.S. mail and facsimile. On February 27, 2014, G & L electronically filed its notice of hearing on the motion with the trial court. Hernandez's counsel received the notice on March 1, 2014 (a Saturday), and immediately filed a notice for trial that same day. Subsequently, Hernandez's counsel filed a sworn affidavit wherein he asserted that he had not previously received the motion to dismiss and only became aware of it when he received the notice of hearing on the motion. He also filed a motion to strike the motion to dismiss on the basis that it was required to be served upon him by e-mail according to rule 2.516. Both the motion to strike and the motion to dismiss were heard on the same day. Afterwards, the trial court denied the motion to strike but granted the motion to dismiss without prejudice.

## II.   ANALYSIS

We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).  See Bay Park Towers Condo. Ass'n v. Triple M. Roofing Corp., 55 So. 3d 591 (Fla. 3d DCA 2010) (recognizing that orders dismissing cases for lack of prosecution are final orders for purposes of appeal); Fox v. Playa Del Sol Ass'n, 446 So. 2d 126 (Fla. 4th DCA 1983) (same).

Florida Rule of Judicial Administration 2.516(b)(1)(A) provides:

> Service on Attorneys.  Upon appearing in a proceeding, an attorney must designate a primary e-mail address and is responsible for the accuracy of and changes to that attorney's own e-mail addresses maintained by the [Florida courts e-Filing] Portal or other e-Service system.[1] Thereafter, service must be directed to all designated e-mail addresses in that proceeding.  Every document filed or served by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses.  If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with the Florida Bar.

Here, it is undisputed that Hernandez's counsel had not designated an e-mail address with the circuit court for the purpose of receiving court filings.[2]  Yet he seeks to avail himself of the mandatory provisions of rule 2.516 by arguing that his

---

[1]The portion of rule 2.516(b)(1)(A) addressing an attorney's responsibility for verifying the accuracy of and changes to that attorney's e-mail addresses was added to the rule by the Florida Supreme Court in November 2013.  Thus, Hernandez's counsel was bound to follow that rule when G & L purportedly served its motion to dismiss in December 2013.

[2]While Hernandez's counsel asserted in his affidavit that he had two designated e-mail addresses listed with The Florida Bar and the Florida courts e-Filing Portal, he conceded at the hearing that he had not designated an email address with the circuit court for the purpose of receiving court filings.  G & L's counsel also conceded at the hearing that he had failed to designate an e-mail address for the purpose of receiving court filings.

Florida Bar registered e-mail address appears on his office letterhead in correspondence he filed with the court and copied to opposing counsel in September 2012. However, the rule requires a specific designation of an e-mail address so that opposing counsel is on notice as to where to send notices and court filings to opposing parties. Thus we conclude that if a party seeks to avail himself of the protections of the rule, that party must strictly comply with the rule himself. Cf. Matte v. Caplan, 140 So. 3d 686 (Fla. 4th DCA 2014) (holding that strict compliance with rule 2.516 is required before a court may assess attorneys' fees pursuant to section 57.105, Florida Statutes). An e-mail address contained within office letterhead does not constitute strict compliance with the rule. Consequently, because Hernandez's counsel failed to designate an e-mail address with the circuit court, G & L could, but was not required, to serve the motion to dismiss on Hernandez's counsel at the e-mail address on record with The Florida Bar.

Additionally, we note that there is an exception to the rule where an attorney does not have e-mail access. In that situation, the attorney must file a motion demonstrating that he has no e-mail account and lacks access to the internet at the attorney's office. The court may then excuse the attorney from the requirements of e-mail service. See Fla. R. Jud. Admin. 2.516(b)(1)(B). "Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2) of" the rule. Fla. R. Jud. Admin. 2.516(b)(1)(B). Subdivision (b)(2), in turn, provides in relevant part:

> *Service by Other Means.* . . . Service . . . on and by all attorneys excused from e-mail service[] must be made by delivering a copy of the document or by mailing it to the . . .

> attorney at their last known address or, if no address is
> known, by leaving it with the clerk of the court. Service by
> mail is complete upon mailing. Delivery of a copy within this
> rule is complete upon:
>
> . . . .
>
>> (E) transmitting it by facsimile to the attorney's . . .
>> office with a cover sheet containing the sender's
>> name, firm, address, telephone number, and the
>> number of pages transmitted. When service is made
>> by facsimile, a copy must also be served by any other
>> method permitted by this rule. Facsimile service
>> occurs when transmission is complete.

Fla. R. Jud. Admin. 2.516(b)(2), (b)(2)(E). Thus because the rule contemplates excusal

from the e-mail service requirement where an attorney files a motion asserting a lack of

an e-mail account and internet access, we conclude that excusal from e-mail service

should extend to this type of situation where an attorney has failed to designate an

e-mail address for purposes of receiving court filings. Otherwise, the opposing party

would be left with the conundrum of being required to serve court filings via e-mail yet

risking the chance that the e-mail address used was not the proper account for

purposes of the opposing party's receipt of court filings. Accordingly, we conclude that

the trial court did not err by denying Hernandez's motion to strike for G & L's failing to

serve the motion to dismiss by e-mail. We affirm on that issue. Our affirmance on the

first issue does not end our analysis, however, because we conclude that the trial court

erred by granting G & L's motion to dismiss in light of Hernandez's counsel's affidavit.

Prior to the hearing, Hernandez's counsel filed the affidavit, wherein he

denied receiving either the mailed motion to dismiss or the facsimile copy of the motion.

He asserted that he was unaware of the motion until he received the notice of hearing

-5-

on the motion on March 1, 2014, more than sixty days after G & L purportedly served the motion. The timing is important because Florida Rule of Civil Procedure 1.420(e) mandates that after receipt of notice that there has been no record activity in an action for ten months, a plaintiff shall have sixty days to engage in record activity to prevent dismissal of the action. But the facts here reflect that Hernandez's counsel did not have the benefit of those sixty days because by the time he became aware of the motion to dismiss, the sixty-day period had already expired.

There is a distinction between an attorney's swearing that he mailed and faxed a motion and an attorney's swearing that he did not receive a motion. When an attorney signs a certificate of service, he swears that he served the document as indicated. And the law presumes, absent a contrary showing, "that mail properly addressed, stamped, and mailed was received by the addressee." Brown v. Giffen Indus., Inc., 281 So. 2d 897, 900 (Fla. 1973) (on rehearing); see also Brake v. State, Unemployment Appeals Comm'n, 473 So. 2d 774, 774 (Fla. 3d DCA 1985). However, receipt is not guaranteed given the normal probabilities of human error and/or technological glitches. Consequently, while there is a presumption of receipt when mail is properly addressed, stamped, and mailed, that presumption is not absolute.

When an attorney files an uncontested affidavit, as here, swearing that he did not receive a court filing, the trial court should at least be hesitant to apply a presumption of receipt. Given the risk that an attorney faces by filing a false affidavit, including but not limited to the loss of his license to practice law, the persuasive effect of such an affidavit should be given serious weight. And because the transcript of the hearing in this case is silent as to why the trial court did not find the affidavit persuasive,

-6-

we are constrained to conclude that there was not competent, substantial evidence to support the trial court's decision to grant G & L's motion to dismiss. The record evidence in this case simply does not establish that Hernandez's counsel received notice of the motion to dismiss at least sixty days before the trial court granted the motion as is required by rule 1.420(e). Accordingly, we reverse and remand for proceedings in conformance with this opinion.

Reversed and remanded.


NORTHCUTT and CASANUEVA, JJ., Concur.